In the Matter of the Claim of RUSSELL R. ROWE, Appellant, against PATRICK MCGOVERN, INC., Employer and Self-Insurer, Respondent.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, June 22, 1938.

*John A. Dutton,* for the appellant.

*John J. Bennett, Jr., Attorney-General,* for the State Industrial Board, respondent.

*William C. Archer,* for the employer, respondent.

BLISS, J. This case has an unusual history. Here we have a workman who has three times been found by the Industrial Board to have sustained an accident which resulted in the partial loss of hearing of both ears, but who has been thrice denied compensation. In the first set of findings the reason assigned was that there was " no medical evidence " to indicate that he had suffered any loss of earnings as the result of these injuries and upon the next two occasions it was that he was not caused to lose any earning power by reason of his injuries. These, in the face of the obvious facts that he actually has not earned as much since the accident as he was earning at the time it happened, that he has frequently sought employment and been unsuccessful because of his disability and

further that he has lost at least four different positions since the accident because of defective hearing.

Claimant was injured by a blast on July 16, 1930. At that time section 15, subdivision 3, paragraphs m, s and v of the Workmen's Compensation Law provided: " In case of disability partial in character but permanent in quality the compensation shall be sixty-six and two-thirds per centum of the average weekly wages and shall be paid to the employee for the period named in this subdivision, as follows:  *   *   *

" m. Loss of hearing. Compensation for the complete loss of the hearing of one ear, for sixty weeks, for the loss of hearing of both ears, for one hundred fifty weeks.  *   *   *

" s. Partial loss or partial loss of use. Compensation for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member.  *   *   *

" v. Other cases. In all other cases in this class of disability, the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the Board on its own motion or upon application of any party in interest."

In 1932, upon a previous appeal to this court, the decision of the Industrial Board denying an award of compensation was unanimously reversed and the case remitted for further consideration, three justices concurring on the ground that an award for loss of earning capacity might be made under section 15, subdivision 3, paragraph v, of the Workmen's Compensation Law if the Board found that such loss has been sustained, and two upon the ground that the loss of hearing is a schedule loss to which section 15, subdivision 3, paragraph s, applied, and that thereunder it was the duty of the Board to fix the proportionate loss of hearing and to make an award therefor as a schedule loss. (Rowe v. McGovern, Inc., 236 App. Div. 866.)

Our prior decision to reverse the Industrial Board, which had denied an award to this appellant, and to remit the case to the Board for further consideration, was unanimous even though the members of the court assigned different supporting reasons. That appellant's loss of hearing constituted a permanent partial disability was not in dispute, for all were then agreed that the claim came under section 15, subdivision 3, of the Workmen's Compensation Law which relates only to that classification. The difference of

opinion was as to whether the disability was one for which a so-called schedule award should be made, the same as for a total or partial loss of a member or its use, or the award should be based in part upon a reduced wage earning capacity. The evidence then as now clearly pointed to a permanent partial disability and a consequent loss in wages and earning capacity. The Industrial Board upon the remittal should have found the permanent quality of the disability and the extent of its partial character. Upon this present appeal we are unanimous in our view that a schedule award under section 15, subdivision 3, paragraphs m and s, is the proper remedy for a permanent partial loss of hearing of both ears. Such an award is in no sense dependent upon the finding of a loss of earning capacity under paragraph v even though such a loss is clearly demonstrable on this record.

It is urged by the appellant that this court should now grant an award in the amount shown by this record to have been claimant's reduced earning capacity. While the direction of this court for the entry of an award is proper in certain cases, such a decision in the instant case would be without precedent as well as contrary to the now unanimous view of the court that appellant is entitled to a schedule award to be based upon proper findings as to the nature and extent of his disability. We must, therefore, again remit the matter to the Industrial Board. In view of the fact that almost eight years have elapsed since this claimant was injured and he has been deprived of compensation during all of this time, the claim should be placed by the Board upon a preferred calendar for early disposition.

The decision of the Industrial Board should be reversed, with costs of the prior appeal and this appeal to the appellant against the Industrial Board, and the matter remitted to the Industrial Board to proceed in accordance with this opinion.

HILL, P. J., RHODES, CRAPSER and HEFFERNAN, JJ., concur.

Decision reversed, with costs of the prior appeal and of this appeal to the appellant against the State Industrial Board, and matter remitted to the Board to proceed in accordance with opinion.