In the Matter of the Claim of FRANK J. CERNIGLIA, Respondent, against FRANCIS B. McDONALD et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and insurance carrier have appealed from an award of compensation in claimant's favor and also from a decision of the Workmen's Compensation Board denying the carrier reimbursement under subdivision 8 of section 15 of the Workmen's Compensation Law. Claimant sustained accidental injuries to his back on February 16, 1946, while working for the employer. He suffered six compensable injuries to his back while working for various employers. All the claims were related to his back condition and combined to ascertain liability. Three were sustained prior to the accident of February 16th and two subsequently. The board found that initial period of total disability commenced on February 16, 1946, and continued to February 26, 1946, and that it was due solely to this accident. The statute provides that an application for reimbursement shall be made in writing prior to the final determination that the resulting disability is permanent " but in no case more than one hundred four weeks after the date of disability ". The carrier made an application for reimbursement on April 3, 1948. It was denied by the board on the ground that it was not timely made. The evidence sustains the determination of the board. Award and decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.

In the Matter of the Claim of BERDIE OLINSKY, Respondent, against TRADE BINDERY CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by an employer and insurance carrier from a decision of the Workmen's Compensation Board which affirmed a referee's decision and scheduled awards, granted posthumously, for a deceased employee's permanent partial loss of use of his left arm and leg, and facial disfigurement. The awards are based upon competent medical proof that decedent's partial loss of use of his left arm and leg and his facial disfigurement were caused by a permanent hemiplegic condition brought about by an accidental occurrence which arose out of and in the course of his employment. The admeasurement of the extent or degree of the loss of use of the arm and leg was established by competent medical evidence. Proof of loss of earnings is not a requisite to the scheduled awards under review. (Workmen's Compensation Law, § 15, subd. 3, pars. s, t, u; subd. 4, par. a; *Matter of Bednar* v. *Ingersoll Rand Co.*, 279 N. Y. 80; *Matter of Rowe* v. *Patrick McGovern, Inc.*, 254 App. Div. 432.) The decision under appeal, being legally correct, may stand despite the omissions in the formal "Findings". Decision and awards unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ. [See *post*, p. 727.]