In the Matter of the Claim of BESSIE E. WEBB, Respondent, against NORWICH KNITTING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision of the Workmen's Compensation Board which reversed the decision of a referee and denied to the carrier reimbursement under the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law. The sole issue on appeal is whether appellants' claim for reimbursement was timely filed pursuant to the provisions of the statute. Paragraph (f) of subdivision 8 of section 15 of the Workmen's Compensation Law provides as follows: "Any award under this subdivision shall be made against the employer or his insurance carrier, but if such employer or insurance carrier be entitled to reimbursement as provided in this subdivision, notice or claim of the right to such reimbursement shall be filed with the board in writing prior to the final determination that the resulting disability is permanent, but in no case more than one hundred four weeks after the date of disability or death". The employer was engaged in the textile business and employed claimant as a sewing machine operator. It is not disputed that on February 11, 1948, she met with an industrial accident while engaged in the course of her employment, when she fell and injured her left leg and hip with a fracture of the left femur. After the accident she was removed to a hospital, and while there she sustained another accident when she fell from a hospital bed to the floor while being transferred to a wheel chair. In May, 1948, she was released from the hospital and permitted to go home. After some period of convalescence and in November of 1948, she fell while at home and suffered a fracture of the right hip. Appellants commenced paying compensation to claimant immediately after the accident of February 11, 1948. On October 11, 1950, approximately 136 weeks after the accident of February 11, 1948, appellants for the first time filed a formal claim for reimbursement from the special disability fund under the statute quoted. The referee found that claimant's last injury, suffered at home, was a consequence of the accident of February 11, 1948, and that since the claim was filed within 104 weeks of the last accident the claim for reimbursement was timely filed. The board reversed the decision of the referee and held that the date of the first accident was controlling and that hence the claim was not timely filed. The reasoning of the board was apparently to the effect that the consequential accident suffered at home was not by itself an industrial or compensable accident arising out of and in the course of employment within the express language

set forth in paragraph (d) of subdivision 8 of section 15 of the statute; it was merely a complication that was causally related to the original industrial accident. We think the position of the board was sound. As we read the statute the apparent intent of the Legislature was that the 104-week period of limitation should commence from the first day of disability for which compensation was paid regardless of the fact that this disability might later be enhanced or aggravated by consequential accidents which of themselves are not new industrial accidents (*Matter of Cerniglia* v. *McDonald*, 278 App. Div. 596). Award unanimosuly affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.