In the Matter of the Claim of HELEN R. LATTRELL, Respondent, against GENERAL HOSPITAL OF SARANAC LAKE et al., Appellants, and WILL ROGERS MEMORIAL HOSPITAL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by General Hospital of Saranac Lake, employer, and its insurance carrier from a decision of the Workmen's Compensation Board holding them solely liable for compensation awarded to claimant and discharging Will Rogers Memorial Hospital and its insurance carrier from liability. Claimant is a registered nurse who was employed at Will Rogers Memorial Hospital from September, 1949, until May 18, 1950. On May 19, 1950, she began work at General Hospital of Saranac Lake where she remained as an employee until September 17, 1951, when, as the board has found, she "became disabled from pulmonary tuberculosis, an occupational disease". Her work at both hospitals involved exposure to and contact with tubercular patients. X rays taken at the commencement and expiration of her employment at Will Rogers (September 19, 1949, and May. 18, 1950, respectively) were negative for tuberculosis. X rays taken at General Hospital on September 11, 1951, disclosed tubercular infection. An earlier X ray taken at the same hospital (variously referred to in the record as having been taken on September 2 and September 20, 1950) had originally. been read as negative but, when re-examined in conjunction with those of September 11, 1951, disclosed a faint abnormal shadow in the area of the eventually discovered infection. The board's factual finding of September 17, 1951, as the date of disablement, supported, as it is, by substantial evidence, is conclusive here. Claimant's employment at Will Rogers terminated approximately sixteen months before such disablement, thus relieving that hospital of liability. (Workmen's Compensation Law, § 40; *Matter of Kilby* v. *Wilson Memorial Hosp.*, 278 App. Div. 273; 275.) Appellants' claim of laches on the part of respondent hospital and its insurance carrier in filing applications for. review of various decisions is not well taken. Section 123 of the statute describes the power and jurisdiction of the board as continuing "and, it may, from time to time, make such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just". (*Matter of McSweeney* v. *Hammerlund Mfg. Co.*, 275 App. Div. 447, 449.) Decision and award unanimously affirmed, with costs to respondents, Will Rogers Memorial Hospital and State Insurance Fund. Present — Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ.