■ In the Matter of the Claim of LENA ELKOWITZ, Respondent, v. TYROL SPORTSWEAR et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from decision and award of the Workmen's Compensation Board which reversed a schedule award finding made by the Referee and directed an award for continuing partial disability with payments to continue. The claimant sustained an industrial accident on May 10, 1956 when she fell and injured both knees. She had previously injured the left knee which resulted in the removal of the cartilage thereof. While the Referee found there was a 50% loss of use of the left leg attributable to the present accident, the board upon review determined that the present condition of her knees did not warrant a schedule loss but it should be continued as a partial disability award. The medical testimony was in agreement that claimant had a permanent partial loss of use of the left leg, the only difference being as to the percentage thereof. There was also testimony that she continued to suffer from the right knee, the doctor's testimony being that the claimant "still complained of pain in both legs". A month prior to the Referee's award, the compensation examining physician found evidence of pain in the right knee and, on attempted palpation or motion, of the left knee and recommended she be referred to the 34th Street Institute for Crippled and Disabled. The issue here is factual and the board's decision is final. It is conceivable that a schedule loss award for the left leg and the closing of the case while there were present complaints as to both knees might easily work an injustice and hardship. In *Matter of Sokolowski* v. *Bank of America* (261 N. Y. 57) the

permanent disability award was based upon a finding that all of the injuries were of a permanent partial nature and the decision made no mention of and continuing condition of pain, swelling or need for further medical treatment. There was no unsettled condition such as is presented here by the circumstances surrounding the right knee. The facts herein are more closely aligned with *Matter of Baggetta* v. *Rosch Bros.* (2 A D 2d 620) where the identical question here raised was the issue in that case and where a continuing award was sustained where the evidence showed there was still swelling and pain resulting from the injuries. The record is convincing that while the doctors were able to establish a percentage loss of use of the left leg, there were other factors relating to both knees which justified the finding of the board. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.