■ In the Matter of the Claim of GRACE J. Z. GABRIELE, Respondent, v. INTERNATIONAL PAPER COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. Claimant was employed as an elevator operator. On May 5, 1943 her right heel became wedged between an elevator which she was operating and an adjacent wall as the result of which she sustained a ragged wound of the right heel with contusions of the soft parts, a fracture of the right os calcis, a transverse tender scar on the right heel, torn ligaments and incarceration of sensory nerve fibers. On November 10, 1943 a schedule award was made for a 10% loss of use of her right foot and the case was closed. Following the excision of the scar over her right heel and the removal of nerve fibers which were caught therein the case was reopened, the prior decision modified and an award made for a total and continuing partial disability covering the period from May 5, 1943 to May 25, 1948 with a direction that payments continue at a 25% disability rate. Appellant sought a review of this award essentially upon the ground that only a schedule award might be made — a contention which the board rejected. Upon appeal we affirmed the board's decision (Matter of Zaso v. International Paper Co., 275 App. Div. 881, mot. for lv. to app. den. 299 N. Y. 800). Thereafter and on September 20, 1951 a Referee found that claimant was permanently partially disabled and closed the case with a direction that the employer

continue to make payments at the rate of $10.44 per week until the submission of evidence of a change in claimant's condition. The record indicates that such payments were continued at the stated rate until January 23, 1962. However, on August 30, 1961 it had applied to the board for a reopening of the case upon the ground that claimant was working and had received no medical attention for her injury since "1951 or 1952." The board thereupon restored the case to a Referee's Calendar for further consideration. Hearings were thereafter held at the conclusion of which the Referee found "that claimant has a disability of a schedule type equivalent to 10% of the right foot, but that the disability exceeds the schedule award" and closed the case. Upon review the board reversed the Referee's determination finding "that the painful residuals of the injury are essentially unchanged, have persisted and are continuing, and constitute a permanent non-scheduleable disability" and continued the case to the Referee's Calendar for an appropriate award. The employer appeals from this decision contending that it is not supported by substantial evidence. The issue whether claimant's disability was a proper one for schedule evaluation presented, at most, a question of fact within the exclusive power of the board to determine. There is substantial evidence to sustain the finding of the board that the award should be made for continuing permanent partial disability (Workmen's Compensation Law, § 15, subd. 3, par. v) rather than for permanent partial loss of use of a member. (Workmen's Compensation Law, § 15, subd. 3, pars. d, s; *Matter of Arbanos* v. *Du Pont de Nemours & Co.,* 275 App. Div. 881, mot. for lv. to app. den. 299 N. Y. 797; *Matter of Miller* v. *Associated Transp.,* 279 App. Div. 829; *Matter of Baggetta* v. *Rosch Bros.,* 2 A D 2d 620.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.