◼ In the Matter of the Claim of FRED CLIFFORD, Respondent, v. LARKIN RESTAURANT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board on the grounds that there is no substantial evidence to support the board's finding of causal relationship and that the board was without jurisdiction since no proper or timely appeal was filed with the board within 30 days after notice of filing of the Referee's decision as required by section 23 of the Workmen's Compensation Law. On May 22, 1964, while employed by the appellant employer, the claimant, a waiter,

was struck on his right knee by a heavy door. Thereafter on October 5, 1965 the Referee — with the parties' consent and particularly upon the appellants' concession that the accident had resulted in "an aggravation of pre-existing degenerative arthritis" — made an award to the claimant for a schedule loss of 10% of the right leg. Subsequently, on November 10, 1965 claimant sought further medical assistance and on April 3, 1966 the board reopened the case and restored it to the Referee's Calendar for further consideration. On April 27, 1967, following the testimony of Dr. Dougherty, an orthopedic surgeon, the Referee closed the case on the "previous findings and awards" finding no "further causally related and compensable disability." Upon review the board reversed the Referee's determination finding "a continuing causally related partial disability subsequent to November 10, 1965" and that the resulting surgery was necessitated by the original injury, rescinded the schedule award and instead awarded benefits based on a continuing disability. Clearly an award for continuing disability benefits — rather than a schedule award — is indicated when the worker's injured bodily member exhibits "a continuing condition of pain" or "swelling" or a continuing "need for medical treatment" or in short when the injured member's medical condition remains "unsettled". (Workmen's Compensation Law, § 15, subd. 3-v; *Matter of Gabriele* v. *International Paper Co.,* 25 A D 2d 577; *Matter of Elkowitz* v. *Tyrol Sportswear,* 13 A D 2d 566; *Matter of Baggetta* v. *Rosch Bros.,* 2 A D 2d 620; *Matter of Arbanos* v. *E. I. Du Pont de Nemours Co.,* 275 App. Div. 881, mot. for lv. to app. den. 299 N. Y. 797.) And "whether claimant's disability was a proper one for schedule evaluation present[s], at most, a question of fact within the exclusive power of the board to determine." (*Matter of Gabriele* v. *International Paper Co., supra,* p. 578.) Accordingly, if there is substantial evidence to support the board's decision, it must be affirmed. In our opinion the instant record presents no more than a medical conflict as to whether the claimant's condition was related to the incident of May 22, 1964 or his underlying arthritic condition and, therefore, there is no basis to disturb the board's decision. We cannot agree with appellants' contention that the board could not rely on Dr. Dougherty's testimony. Although Dr. Dougherty concededly based most of his testimony on the assumption that the prior knee condition was asymptomatic, which assumption appellants assert is erroneous, there is substantial evidence to support the accuracy of this assumption, and therefore there is substantial evidence to support the finding that the subsequent knee pathology was causally related to the accident of May, 1964. As to the jurisdictional issue, this court in *Matter of McSweeney* v. *Hammerlund Mfg. Co.* (275 App. Div. 447, mot. for lv. to app. den. 301 N. Y. 815) held that even if the challenged application to review failed to comply with the time limitations of section 23, the board was entitled to entertain it by virtue of its continuing jurisdictional power to modify or change "former findings, awards, decisions or orders" (Workmen's Compensation Law, §§ 123, 22). The subsequent amendments to section 23 have not affected the overriding power of review of the board (see *Matter of Lattrell* v. *General Hosp. of Saranac Lake,* 284 App. Div. 1073). Indeed the last sentence of section 23 admonishes that, "Nothing herein contained shall be construed to inhibit the continuing jurisdiction of the board as provided in section one hundred twenty-three of this chapter". Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Reynolds, J.