■ In the Matter of the Claim of HENRIETTE FROMER, Respondent, v. JOHN STREET SERVICE CENTER, INC., et al., Appellants, and UNINSURED EMPLOY-

ERS' FUND et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. —GREENBLOTT, J. Appeal from a decision of the Workmen's Compensation Board, filed February 6, 1969, as amended by a subsequent decision filed August 14, 1969. Decedent was president of the employer corporation. On August 22, 1963 he was assaulted while on the business premises and suffered a cerebral hemorrhage which resulted in his death the following day. The board determined that respondent, American Surety Company, had properly canceled its coverage of appellant employer and, accordingly, discharged it from liability. Appellant, American Insurance Company, was determined to be the carrier on the risk on the date of the accident. American Surety had issued a policy covering appellant employer for one year effective September 17, 1962. It would therefore be liable for benefits payable to decedent's wife as a result of the August, 1963 accident unless the policy was effectively canceled. Proper cancellation of such an insurance contract requires that a notice " be filed in the office of the chairman and also served on the employer" specifying the date of cancellation which must be at least 10 days after filing and service. (Workmen's Compensation Law, § 54, subd. 5.) " For obvious reasons of public policy underlying the very structure of the Workmen's Compensation Law a policy may only be canceled in strict conformity with the statute." (*Matter of Horn* v. *Malchoff*, 276 App. Div. 683, 685, mot. for lv. to app. den. 301 N. Y. 814.) Respondent carrier's notice specified January 2, 1963 as the date of cancellation. Since the board found that notice of cancellation was not filed with the board chairman until January 25, 1963, and not given to the corporate employer until April 17, it was error for it to rule that cancellation had been properly effected. Respondent's notice, by purporting to cancel its policy at a date prior to the tenth day after filing and service gave neither the employer nor the board notice of the time at which a legal termination of coverage would take effect and therefore violated the provisions of the statute. Furthermore, respondent failed to produce evidence that the notice of cancellation was served on the employer by either of the methods required by subdivision 5 of section 54 of the Workmen's Compensation Law. The board also erred in holding that personal notice was properly given to the employer by the independent auditor on April 17, 1963 when an audit of the corporation books was being performed. The auditor testified that he orally informed the decedent of the cancellation. We hold that notice of cancellation must be in writing. Since respondent failed to comply with the statute, it must he held to the terms of the contract as originally drawn and be deemed liable for payment of claimant's benefits. Appellant, American Insurance Company, issued a binder for workmen's compensation to the employer, effective June 11, 1963. The cancellation of a binder, like that of a policy, can be accomplished only in accordance with subdivision 5 of section 54 of the Workmen's Compensation Law. (*Matter of Christ* v. *Steeves*, 2 A D 2d 199.) Although unable to produce the binder in evidence it contended that it was terminated June 28, 1963. However, a letter written by it on that date to the insurance agency handling the employer's account requested that its coverage be replaced and that notification be given of the termination date of the binders. Implicit in the letter is an admission that its liability for coverage extended beyond June 28. The board rejected appellant's contention that the policy terminated on June 28, and concluded that American Insurance remained a carrier on the risk at the time of the accident. A factual question is thus presented, the resolution of which lies solely within the province of the board. We cannot say that the board's decision, in holding the binder to be open-ended, is erroneous as a matter of law. Appellant, American Insurance Company, and respondent, American Surety Com-

pany, must therefore both be held to have shared the risk on the date of accident. Decision reversed, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with one bill of costs to appellants against respondent American Surety Company. Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Greenblott, JJ., concur in memorandum by Greenblott, J.