■ In the Matter of the Claim of EDWARD CECERE, Respondent, v COUNTY OF NIAGARA, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workers' Compensation Board, filed August 11, 1978 and February 23, 1978. On June 17, 1976, claimant, a court reporter for the Family Court of Niagara County, slipped on a wet floor while entering the Family Court and struck the left side of his head on a counter. By notice of decision dated March 4, 1977, an award was made to claimant for the period June 18, 1976 to November 22, 1976 at the rate of $125 per week, and from November 22, 1976 to February 28, 1977 at the temporary reduced earning rate of $95 per week. The case was continued to await medical reports regarding the degree of causally related loss of hearing. In a report dated March 9, 1977, Dr. Serio explained that claimant had a 100% loss of hearing in his right ear, which was due to an unrelated pre-existing condition, and that as a result of the accident of June 17, 1976, claimant had sustained a 19.2% loss of hearing in his left ear. By notice of decision dated May 9, 1977, claimant was awarded $95 per week temporary reduced earnings for the period February 28, 1977 to May 2, 1977. The case was again continued, this time to develop the issue of whether claimant's injury was a scheduleable or nonscheduleable type disability. On May 19, 1977, the self-insured employer applied to the board to review the referee's award dated May 9, 1977, contending that inasmuch as claimant had sustained a 19.2% loss of hearing in his left ear as a result of the accident, the payments already made exceeded the schedule loss of use and that all awards subsequent to April 4, 1977 should be rescinded. At a hearing held

on June 6, 1977, claimant testified that he was undergoing various rehabilitative efforts in order to get back into the labor market. He further testified that he was inquiring about more effective hearing aids or anything that could improve his hearing. On that basis, the referee held that the case was not scheduleable, and by notice of decision dated June 10, 1977, modified claimant's previous awards from November 20, 1976 to June 6, 1977 from $95 reduced earnings and continued the payments thereafter at $95 per week reduced earnings. The self-insured employer renewed its previous application for review by the board, and by a decision filed February 23, 1978, the board affirmed the referee's decision, holding that claimant's condition was such that a schedule award for the left ear could not be fixed. On August 11, 1978, the board amended its decision to read as follows: "After review, the Board finds based on the report of Dr. Serio and the testimony of the claimant, that the claimant sustained a causally related disability as a result of the accident in question. Furthermore, as a result of his partial loss of hearing, the claimant is totally disabled from performing his duties as a Court Stenographer. Therefore, said injury is a non-scheduleable type of disability. We so find." Upon this appeal, the self-insured employer contends that claimant's injury is a schedule type injury. Section 15 (subd 3, par m) of the Workers' Compensation Law provides that where a "disability [is] partial in character but permanent in quality", the schedule of compensation shall be 66⅔% of the average weekly wages to be paid as follows: "m. Loss of hearing. Compensation for the complete loss of the hearing of one ear, for sixty weeks, for the loss of hearing of both ears, for one hundred and fifty weeks * * * s. Partial loss or partial loss of use. Compensation for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member." Paragraph w of subdivision 3 of the same section provides: "w. Other cases. In all other cases in this class of disability, the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability". Appellant relies on *Matter of Rowe v McGovern, Inc.* (254 App Div 432), where the claimant had suffered a partial loss of hearing of both ears as a result of an injury by a blast. This court held that (p 434) "a schedule award under section 15, subdivision 3, paragraphs m and s, is the proper remedy for a permanent partial loss of hearing of both ears" even though a loss of earning capacity under paragraph v (now w) was "clearly demonstrable". Appellant thus argues that since claimant herein sustained only a partial loss of hearing in his left ear, the injury is subject to a schedule award under paragraphs m and s, rather than an award for reduced earnings under paragraph w. We cannot agree. Whether claimant's disability is scheduleable is a question of fact within the exclusive power of the board to decide, and where its decision is supported by substantial evidence, it must be affirmed *(Matter of Clifford v Larkin Rest.,* 31 AD2d 866, 867; *Matter of Gabriele v International Paper Co.,* 25 AD2d 577, 578). An award for continuing disability benefits, as opposed to a schedule award, is indicated where the claimant's medical condition remains "unsettled" *(Matter of Clifford v Larkin Rest., supra,* p 867). Here, the record establishes that claimant is totally disabled from performing his duties as a court stenographer as a result of his injury, and the record further indicates that claimant is inquiring about more effective hearing aids in order to improve his hearing *(Matter of Clifford v Larkin Rest., supra).* Thus, appellant's reliance upon *Matter of Rowe v McGovern, Inc. (supra)* is misplaced, since there was no indication therein

that claimant's medical condition was continuing or unsettled. In our view, the record contains substantial evidence to sustain the board's finding that under the circumstances of this case, claimant's partial loss of hearing constitutes total disability *(Matter of Elkowitz v Tyrol Sportswear,* 13 AD2d 566; *Matter of Baggetta v Rosch Bros.,* 2 AD2d 620). Decisions affirmed, with costs to the Workers' Compensation Board against the employer. Mahoney, P. J., Greenblott, Kane and Mikoll, JJ., concur; Main, J., not taking part.