◼ In the Matter of the Claim of CLIFFORD A. DONAHUE, Respondent, v THOMAS H. BRADLEY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed June 9, 1981. Claimant, a 73-year-old semiretired store manager, injured his left knee on October 30, 1978 when he stepped off a ladder. On April 25, 1980, claimant was examined twice by Dr. Smyth, a board medical examiner. Initially, he found a 7½% loss of use of the left leg. However, upon re-examination and reconsideration, he concluded that a finding of permanent partial disability was warranted. After receiving Dr. Smyth's testimony, the referee classified claimant as having a nonschedulable permanent partial disability. The board affirmed the referee's decision and this appeal by the employer and insurance carrier was commenced. Upon appeal, the employer and its insurance carrier contend that claimant's injury is a schedule type injury. In this regard, whether claimant's disability is schedulable is a question of fact within the exclusive power of the board to decide (*Matter of Cecere v County of Niagara*, 71 AD2d 759, 760; *Matter of Clifford v Larkin Rest.*, 31 AD2d 866, 867). Accordingly, if the board's determination is supported by substantial evidence, it must be affirmed. In our opinion, the instant record contains substantial evidence to sustain the board's finding that under the circumstances of this case, claimant has a permanent partial disability. Decision affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.

◼ In the Matter of the Claim of RICHARD SARLO, Respondent, v ANTONA TRUCKING CO. et al., Respondents, and STATE INSURANCE FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed December 1, 1981, which found the State Insurance Fund to be the carrier on the risk on the date of claimant's accident because its prior cancellation of the employer's insurance policy did not comply with the requirements of subdivision 5 of section 54 of the Workers' Compensation Law. The board found that appellant State Insurance Fund did not properly cancel the employer's insurance policy. We agree. Proper cancellation of the policy in question requires, *inter alia,* that a notice of cancellation be "served on the employer by delivering it to him or by sending it by mail, by certified or registered letter, return receipt requested" (Workers' Compensation Law, § 54, subd 5). And, "[f]or obvious reasons of public policy underlying the very structure of the [Workers'] Compensation Law a policy may only be cancelled in strict conformity with the statute" (*Matter of Horn v Malchoff*, 276 App Div 683, 685, mot for lv to app den 301 NY 814; see, also, *Matter of Fromer v John St. Serv. Center*, 34 AD2d 1081). In the present case, the sole evidence that a notice of cancellation was sent to the employer is a mailing manifest which shows that a piece of certified mail was sent to the employer. However, there is nothing in the manifest or the record which demonstrates that a cancellation notice was in fact sent to the employer. Furthermore, contrary to the State Insurance Fund's assertion, the presumption of regularity does not arise in this case as no proof of office practice was offered (see *Nassau Ins. Co. v Murray*, 46 NY2d 828). Decision affirmed, with costs to the Uninsured Employers' Fund. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.