■ In the Matter of the Claim of MODESTO TORRES, Respondent, v T A D TECHNICAL SERVICES CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [598 NYS2d 104] —Appeals from two decisions and an amended decision of the Workers' Compensation Board, filed June 24, 1991, May 20, 1992 and June 22, 1992, which, *inter alia,* ruled that claimant was permanently partially disabled.

Claimant was working as a laborer for the employer when he stepped on a nail and injured his left foot. All of the medical reports submitted by the parties indicated that claimant was in continuing pain and in need of further medical treatment. The experts did, however, disagree on whether claimant's condition was amenable to a schedule loss evaluation. The Workers' Compensation Board ruled that claimant's condition caused him continuing pain requiring ongoing treatment and that his present condition did not warrant a schedule loss. This appeal followed.

We affirm. Where there is a condition of pain or continuing need for medical treatment, then an award for continuing disability benefits as opposed to a schedule award is warranted *(see, Matter of Clark v General Elec. Co.,* 68 AD2d 960; *Matter of Clifford v Larkin Rest.,* 31 AD2d 866). Here, insofar as the medical opinion on these issues was in agreement, there is substantial evidence to support the Board's decision to make a continuing disability award *(see, supra; see also, Matter of Elkowitz v Tyrol Sportswear,* 13 AD2d 566).

We also reject the employer's argument that it was denied its due process right to cross-examination because the Board decided the case without taking medical testimony. There was no disagreement among the experts as to claimant's condition; the only area of disagreement was on whether the agreed-

upon condition could be classified as a schedule loss. Because the experts were in agreement about the opinion upon which the Board relied—that claimant was in continuing pain and in need of further treatment—no prejudice resulted from any inability to cross-examine the experts (see, Matter of Rourke v Reichhold Chem., 129 AD2d 949).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the decisions and amended decision are affirmed, without costs.