◼ In the Matter of CHRISTOPHER BIONDI, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [658 NYS2d 490] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner began working for the Department of Correctional Services as a correction officer on June 1, 1982. On April 27,

1990, while on duty, he was injured after slipping and falling while descending stairs. Due to injuries he sustained to his lower back, petitioner was unable to return to work and, in January 1991, he filed an application for disability retirement benefits. Following a hearing at which respondent Comptroller conceded that petitioner was permanently incapacitated, petitioner's application for benefits was denied on the basis that he had not established that his injuries had been sustained as the result of an accident within the meaning of Retirement and Social Security Law § 507-a. Petitioner commenced this CPLR article 78 proceeding arguing, *inter alia*, that such determination is not supported by substantial evidence.

We disagree. Petitioner did not have 10 years of service credit at the time of his application for disability retirement benefits and was therefore required to demonstrate that his physical incapacitation was "the natural and proximate result of an accident not caused by his own willful negligence sustained in the performance of his duties" (Retirement and Social Security Law § 507-a [b] [3]). An accident is a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.*, 6 AD2d 97, 100, *affd* 7 NY2d 222). Further, "an injury which occurs without an unexpected event as the result of an act undertaken in the performance of ordinary employment duties is not an accidental injury" (*Matter of Smith v New York State & Local Retirement Sys.*, 199 AD2d 763, 764-765).

Petitioner's account of the incident underlying his application is that, as he was coming off the top tier, he slipped on the metal part of the top step and went all the way down the steps on his buttocks and lower back. We find that, in light of this evidence, the Comptroller rationally concluded that petitioner's injuries were sustained as a result of his own misstep and not because of an accident (*see, Matter of Lisa v McCall*, 234 AD2d 703; *Matter of Klug v McCall*, 224 AD2d 818; *Matter of Keller v Regan*, 212 AD2d 856, 858).

Petitioner further claims that Retirement and Social Security Law § 507-a violates the Equal Protection Clause by limiting disability retirement benefits to those employees who either have at least 10 years of service or, if lacking that amount of service, were disabled as the result of an accident sustained in the performance of their duties. It is well settled that where, as here, a State classifies groups based on non-suspect criteria, and said classification does not involve a fundamental right, the classification violates the Equal Protection Clause only if it

has no reasonable or rational relation to a legitimate governmental interest (*see, Castellano v Board of Trustees*, 937 F2d 752, 755, *cert denied* 502 US 941; *Matter of McDermott v Forsythe*, 188 AD2d 173, 175). "This [rational-based] inquiry employs a relatively relaxed standard reflecting the * * * awareness that the drawing of lines that create distinctions is peculiarly a legislative task" that cannot be done with perfection (*Massachusetts Bd. of Retirement v Murgia*, 427 US 307, 314).

Inasmuch as the New York State Retirement System derives most of its funding from the public fisc, it may be reasonably inferred that the Legislature implemented the subject limitations as a means of preserving the fiscal integrity of the system and controlling its cost, which is clearly a legitimate governmental interest. Accordingly, we reject petitioner's claim even though the statutory classification may result in the denial of benefits to those with an arguable claim to favorable treatment (*see, Mathews v Diaz*, 426 US 67, 83).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.