■ In the Matter of NORMAN BOWNS, Petitioner, v H. CARL McCALL, as Administrative Head of the New York State and Local Employees Retirement System and as Comptroller of the State of New York, Respondent. [692 NYS2d 834] —Proceeding

pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a maintenance assistant employed by the State Office of Mental Retardation and Developmental Disabilities, filed an application for accidental disability retirement benefits alleging that he is disabled because of injuries to his back sustained in an accident occurring on June 6, 1996.* On that day, petitioner and a co-worker were given the task of moving a heavy six-drawer file cabinet away from a wall. The cabinet became stuck and, when pushed, began to tip towards petitioner. As a result, petitioner had to catch the cabinet and support its weight in order to keep it from falling on him, thus, sustaining the subject injuries. Petitioner's application was denied and we confirm.

Without 10 years of service to his credit when he applied for disability retirement benefits, petitioner bore the burden of demonstrating that his incapacitation was the result of an accident within the meaning of Retirement and Social Security Law § 507-a (b) (3) (*see, Matter of Biondi v McCall*, 239 AD2d 837, 838). Although petitioner maintains that the task of moving a file cabinet was unusual and unrelated to his normal work, the evidence establishes that his supervisor specifically assigned him to this task and his job duties included occasional assignments to perform manual labor jobs outside of his regular department. Thus, substantial evidence supports the determination of respondent that petitioner's injuries did not result from a sudden or unexpected event (*see, Matter of Cadiz v McCall*, 236 AD2d 766), but instead occurred as the result of physical exertion undertaken in the performance of his routine or regular employment duties (*see, Matter of Tuper v McCall*, 259 AD2d 941, 942; *Matter of Landestoy v Regan*, 207 AD2d 572).

Cardona, P. J., Mercure, Crew III, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although petitioner's application additionally included details of a February 6, 1996 incident whereby he injured his back while shoveling snow, petitioner withdrew this incident from consideration as part of his claim of disability at the administrative hearing.