■ In the Matter of ISABELLE BURNHAM, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [697 NYS2d 197] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a correction officer employed by the Nassau County Sheriff's Department, applied for accidental disability retirement benefits in November 1995. She alleges that she was permanently incapacitated from the performance of her duties as a result of carpal tunnel syndrome in her right hand caused by work-related incidents which occurred in December 1992 and October 1994. After a hearing, petitioner's application was denied on the ground that she had failed to sustain

her burden of proving that her injuries were the result of either accident.

Because petitioner did not have 10 years of service credit when she applied for disability retirement benefits, she bore the burden of demonstrating that her incapacitation was the consequence of an accident (see, Matter of Bowns v McCall, 263 AD2d 668; Matter of Biondi v McCall, 239 AD2d 837, 838). Petitioner's medical expert conceded that he did not believe that the December 1992 incident was a cause of petitioner's condition. He also testified that an EMG and nerve conduction test performed in 1993 were negative for carpal tunnel syndrome, while a subsequent test performed in January 1995 produced positive results. Accordingly, substantial evidence supports respondent Comptroller's conclusion concerning the lack of a causal relationship between petitioner's condition and the December 1992 accident.

However, petitioner's expert opined that petitioner has advanced carpal tunnel syndrome and is permanently disabled by reason of the nerve damage causally related to the October 1994 incident, wherein she suffered a possible fracture and crush injury to the hand while attempting to break up an inmate fight; results of two EMG and nerve conduction tests are consistent with this opinion. An expert for respondent New York State and Local Employees' Retirement System testified that his clinical findings were compatible with mild carpal tunnel syndrome and that while this condition can be caused by degenerative changes, repetitive motions or by trauma if the blow is severe enough, based on the physical examination he conducted of petitioner he could not determine whether it was in fact induced traumatically. But this expert offered no opinion as to the cause of petitioner's carpal tunnel syndrome and, significantly, failed to exclude the October 1994 accident as a cause.

Although the Comptroller is vested with exclusive authority to evaluate and resolve conflicts in medical testimony (see, e.g., Matter of Principe v McCall, 255 AD2d 853, 854; Matter of Rakowski v McCall, 246 AD2d 734), the proper exercise of that discretionary authority "presupposes the existence of legally sufficient conflicting evidence" (Matter of Wygand v Regan, 135 AD2d 1060, 1061). There being no conflicting medical testimony with regard to the cause of petitioner's condition, the Comptroller's determination of the causal relationship issue as to the October 1994 incident lacks substantial evidence and must be annulled.

Respondents argue that there is substantial evidence to sup-

port the conclusion that petitioner is not permanently disabled from performing the duties of a correction officer. Although the Comptroller's determination recites the testimony of the Retirement System's expert that the clinical findings did not appear to be severe enough to disable petitioner from the performance of her duties, the sole basis for the denial of petitioner's application is the Comptroller's conclusion that petitioner failed to meet her burden on the causal relationship issue. It is well settled that "judicial review of an administrative determination is limited to the grounds invoked by the agency" (*Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758).

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision.