■ In the Matter of the Claim of MICHAEL PUGLIESE, Respondent, v REMINGTON ARMS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [740 NYS2d 713] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed January 16, 2001, which, inter alia, ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant had been employed by Remington Arms, Inc. for more than 30 years when he stopped working and filed a claim for workers' compensation benefits based upon severe depression and anxiety allegedly resulting from harassment and falsification of his attendance records by his supervisor. After an initial hearing and two adjournments to conduct an independent medical examination (hereinafter IME) of claimant, the Workers' Compensation Law Judge (hereinafter WCLJ) denied a request by Remington and its workers' compensation carrier (hereinafter collectively referred to as the carrier) for a third adjournment to submit the IME report. The carrier's subsequent request for an adjournment to cross-examine claimant's treating psychologist was denied, and the WCLJ found claimant's work-related depression to be an occupational disease and continued the case. The Workers' Compensation Board then modified the WCLJ's decision only to the extent of noting that depression is not recognized as an occupational disease, and instead found that claimant had suffered a compensable accidental injury. The carrier now appeals.

Commencing with the carrier's contention that the only proof of falsification of claimant's attendance records is the hearsay testimony of claimant's treating psychologist and his C-3 claim form, we note that hearsay evidence is permissible as long as it is corroborated (*see, Matter of Tinelli v Ken Duncan, Ltd.*, 199 AD2d 567, 569) or found to be otherwise sufficiently reliable

(*see, Matter of Diehsner v Schenectady City School Dist.*, 152 AD2d 796, 797). Here, corroborative evidence of the source of claimant's depression is found in Remington's admission in its own report of findings that a number of inaccuracies were recorded in claimant's attendance records by his supervisor, who then disciplined claimant based on those inaccuracies. Tellingly, the carrier called no witnesses and presented no evidence to contradict claimant's allegations. In such circumstances, the fact that the primary evidence is hearsay bears only on the weight to be accorded to it by the Board (*see, Matter of Purcell v American SIP Corp.*, 248 AD2d 844, 845).

Next, we find no error in the Board's conclusion that the tardiness of the carrier's IME report justified its preclusion. The record shows that the carrier was granted an adjournment to conduct an IME and submit a medical report, and was then sanctioned for failing to do so by the adjourned date. On the second adjourned date, although the IME had been conducted, the carrier again failed to produce the report and offered no excuse. Where, as here, the carrier is at fault or without excuse for failing to present evidence on time, it is not an abuse of discretion to deny an adjournment and preclude that evidence (*see, Matter of Maliszewska v Dupuy*, 289 AD2d 683, 684-685, *lv denied* 97 NY2d 612; *Matter of Doerle v JC Penney Co.*, 262 AD2d 882, 882-883).

We cannot agree, however, that the absence of the IME report is fatal to the carrier's right to cross-examine claimant's treating psychologist. Citing *Matter of Torres v T A D Tech. Servs. Corp.* (193 AD2d 975), the Board concluded that due to the absence of any contrary medical evidence, "the carrier's right to such cross-examination is no longer available." In *Torres*, however, this Court found that the denial of cross-examination resulted in no prejudice to the carrier because the parties' experts were in agreement as to the claimant's medical condition (*id.*). Here, although its medical evidence was precluded, the carrier nevertheless did affirmatively dispute causal relationship by asserting that claimant suffered from a preexisting condition. There being no express or implied agreement, our holding in *Torres* is inapplicable, and we are constrained to reverse. While the carrier's delay in requesting cross-examination here may have justified denial of the request, we cannot affirm the Board on that basis because it is well settled that "judicial review of an administrative determination is limited to the grounds presented by the agency at the time of its determination" (*Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 678; *see, Matter of Scherbyn v*

*Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758; *Matter of Burnham v McCall*, 265 AD2d 763, 765; *Matter of Smith v Bell Aerospace*, 125 AD2d 140, 142; *see also, Matter of Hutchins v Callanan Indus.*, 293 AD2d 902).

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.