■ In the Matter of the Claim of GERALD HUTCHINS, Respondent, v CALLANAN INDUSTRIES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [741 NYS2d 297] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed February 12, 2001, which, inter alia, ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

At a hearing to consider whether claimant was disabled to the degree reported by his treating physician, the Workers' Compensation Law Judge (hereinafter WCLJ) granted the employer's workers' compensation carrier a two-month adjournment to conduct an independent medical examination (hereinafter IME) of claimant and produce a report. Although its expert examined claimant on August 10, 2000 and prepared a report dated August 16, 2000, the carrier did not file the report or furnish copies until the rescheduled hearing date of October 11, 2000. At that hearing, the WCLJ precluded the IME report as untimely. The carrier then requested an opportunity to cross-examine the treating physician. The WCLJ denied this request, determined that claimant had suffered a 25% schedule loss of use of his arm based on the treating physician's report, and closed the proceeding. On administrative review, the Workers' Compensation Board affirmed the WCLJ's determinations and imposed a $250 penalty based on the carrier's appeal having been "made for the purpose of delay or upon frivolous grounds." The employer and its carrier (hereinafter collectively referred to as the carrier) now appeal.

We find no error in the Board's conclusion that the IME report was properly precluded. Despite being given a continuance and obtaining the IME report shortly thereafter, the carrier did not produce the report until nearly two months later at the rescheduled hearing date, and the carrier offered no excuse to the WCLJ for failing to file and furnish copies to claimant and his physician within the 10-day period prescribed by 12 NYCRR 300.2 (d) (11). The carrier's present reliance on the fact that the notice rescheduling the hearing also directed it to produce the report is misplaced for there is no indication that the notice in any way excused the carrier's compliance with 12 NYCRR 300.2 (d) (11). Where, as here, the carrier is at fault or has no excuse for failing to timely furnish its evidence, it is not an abuse of discretion to preclude that evidence (*see, Matter of Maliszewska v Dupuy*, 289 AD2d 683, 684-685, *lv denied* 97

NY2d 612; *Matter of Doerle v JC Penney Co.*, 262 AD2d 882, 882-883).

We reach a different conclusion, however, with regard to the Board's affirmance of the denial of cross-examination of the treating physician. Citing *Matter of Torres v T A D Tech. Servs. Corp.* (193 AD2d 975), the Board concluded, "Where there is no disagreement as to the claimant's condition, no prejudice results from the inability to cross-examine the claimant's experts." To be sure, in *Torres*, it was the parties' agreement as to the claimant's condition that led this Court to find no resulting prejudice. Here, although its medical evidence was precluded, the carrier nevertheless disputed claimant's degree of disability and certainly furnished no report in basic agreement with that of claimant's treating physician, as was the case in *Torres*. There being no express or implied agreement as to claimant's condition here, the holding in *Torres* is not applicable, and we are constrained to reverse. While the carrier's delay in requesting cross-examination here may have justified denial of the request, we cannot affirm the Board on that basis because it is well settled that "judicial review of an administrative determination is limited to the grounds presented by the agency at the time of its determination" (*Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 678; *see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758; *Matter of Burnham v McCall*, 265 AD2d 763, 765; *Matter of Smith v Bell Aerospace*, 125 AD2d 140, 142; *see also, Matter of Pugliese v Remington Arms*, 293 AD2d 897).

Finally, since we find error warranting reversal, we also conclude that there is no basis for the Board's imposition of a penalty on the carrier for a frivolous application for review. Although such a penalty is authorized by Workers' Compensation Law § 23, the carrier's application here cannot be said to be frivolous.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.