Mugglin, J.
Appeal from a decision of the Workers’ Compensation Board, filed January 10, 2002, which ruled that claimant had a causally related injury arising out of and in the course of her employment.
Claimant, while working as a delivery person for the employer, witnessed a motor vehicle accident in which her daughter was killed. She filed a claim for workers’ compensation benefits contending that she suffered from stress, depression and exacerbation of a gastrointestinal condition caused by this psychic trauma. The employer and its workers’ compensation carrier controverted the claim, contending, among other things, that claimant had not been involved in a work-related accident. A Workers’ Compensation Law Judge found that claimant had been an active participant in the accident that claimed her daughter’s life and established her claim for injuries causally related to the accident. The Board affirmed, prompting this appeal by the employer and its carrier.
*729 It is well settled that “an injury caused by emotional stress or shock may be accidental within the purview of the [workers’] compensation law” (Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d 505, 509 [1975]). Physical or psychological injuries resulting from the psychic trauma of witnessing an accident have been deemed compensable when the claimant was an “active participant” in the accident (id. at 511; see Matter of Wood v Laidlaw Tr., 77 NY2d 79, 84-85 [1990]).
Claimant, in her affidavit and deposition testimony, recounted that she was waiting to make a left turn when she saw her daughter’s vehicle pass her traveling in the opposite direction. Claimant heard screeching brakes, saw in her rearview mirror that a truck was bearing down upon her and quickly pulled away to avoid a collision. Claimant then saw that a tractor-trailer had struck her daughter’s vehicle, causing injuries that later proved fatal. Claimant’s account was corroborated by the accident reports and the testimony of a deputy sheriff. They established that while claimant was stopped to make a left turn, a tractor-trailer was unable to stop. It collided with the rear-end of a truck stopped behind claimant’s vehicle, and then crossed into oncoming traffic and struck the vehicle driven by claimant’s daughter. Under these circumstances, we agree with the Board that claimant was an active participant in the accident, and thus eligible for workers’ compensation for the resulting physical and psychological injuries.
Lastly, we find no error in the Board’s denial of the carrier’s request to cross-examine claimant’s psychiatrist. As limited by its brief, the carrier does not seek to cross-examine the doctor as to claimant’s medical condition. Rather, the carrier asserts that the doctor’s report injects additional inconsistent statements concerning claimant’s operation of her vehicle and her fright which increases the degree of her involvement in the accident.
Contrary to the carrier’s assertions, we find the doctor’s statement to be consistent with claimant’s testimony and not controverted by the deputy sheriffs testimony, both of whom were cross-examined by the carrier. Thus, we agree with the Board that there is “no disparity between the history of the accident provided to [claimant’s psychiatrist] and that provided elsewhere by the claimant,” making the request for cross-examination unwarranted as there is no discrepancy or disagreement in the record (see Matter of Torres v TAD Tech. Servs. Corp., 193 AD2d 975, 975-976 [1993]; cf. Matter of Pugliese v Remington Arms, 293 AD2d 897, 898 [2002]).
Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.