## THIRD DEPARTMENT, NOVEMBER, 1930.

In the Matter of the Claim of SARAH ZYPITZ, Respondent, against ST. FRANCIS HOSPITAL and Another, Appellants.

PER CURIAM. Claimant's expectation of increased wages as a graduate nurse after attaining the age of twenty-one related to a time beyond the period of claimant's temporary total disability for which the Board has erroneously made an award at the maximum rate of twenty-five dollars a week, based upon such expected wage increase. A distinction is made between a case of temporary disability where there is no probable increase of a minor's wages under normal conditions during the period of such temporary disability on the one hand, and a permanent partial disability for which a schedule award is made which presupposes a loss of earning ability which will continue through life. (*Ide* v. *Faul & Timmins*, 179 App. Div. 567, 571; *Szmuda* v. *Kent Bag Co.*, 214 id. 341; *Distifano* v. *Ribis Bros.*, 209 id. 840.) Hinman, Acting P. J., Davis, Whitmyer, Hill and Hasbrouck, JJ., concur. Award as to permanent partial disability affirmed. Award as to temporary total disability reversed, and claim, in that respect, remitted, with costs against the State Industrial Board to abide the event.

In the Matter of the Claim of CHARLES GAINEY, Respondent, against WARREN NASH MOTOR CORPORATION and Another, Appellants.
STATE INDUSTRIAL BOARD, Respondent.

PER CURIAM. There are four primary fields of vision. The evidence indicates that the claimant has perfect vision in the injured eye except that in one field there is loss of binocular vision. This partial loss of binocular vision does not indicate that he has had a total loss of one eye under the provisions of section 15, subdivision 3, paragraph p, of the Workmen's Compensation Law. The construction put on this section by the Board physician, Doctor Harnish, and by the Board itself, was erroneous. The paragraph cited contemplates a substantially complete loss of binocular vision in order that compensation may be made for the loss of an eye. The award is reversed and the claim remitted for the Board to determine the percentage of loss of binocular vision in fixing the amount of compensation it may award. Hinman, Acting P. J., Davis, Whitmyer, Hill and Hasbrouck, JJ., concur. Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, to determine the percentage of loss of binocular vision.