■ In the Matter of the Claim of STELLA KOCHAN, Respondent, against JAN ZIOLEK et al., Doing Business as ZIOLEK'S BAKE SHOP, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the appellants from a decision and award of the Workmen's Compensation Board as to the question of dependency and the finding that decedent would become a baker and earn $90 a week. The decedent was 17 years of age and lived at home with his mother, one brother, 15, and a sister, 14. He left school in May, 1955, to go to work at the bakeshop. He was killed while in the course of his employment on August 6, 1955, and at the time of his death was described as a baker's helper. The appellants contend that there is no showing of dependency of the mother, brother and sister upon the decedent at the time of his death. In this respect the evidence was that he received $25 a week after deductions which he gave to his mother who retained $20 and gave him $5 for his own personal needs. There was testimony that there was a family income under a pension, the father having been killed in service, which pension was reduced following the death of the decedent. There were also social security benefits, the total income from all sources being approximately $300 a month prior to the decedent starting to work. The mother further testified that this was not sufficient for them to live in accordance with the standards prior to the death of her husband; that there was a large mortgage ($6,901.12) on the home with monthly payments of $62; that she owed money to various stores on which she made periodic payments and that there were the usual customary expenses incidental to any family; that the decedent left school and started to work so that he could help to support the house and that " it was kind of bad at home ". The appellants contend that the basis of dependency was not upon the full amount of $300 but according to the memorandum of the board a government pension of $179. The findings make no such distinction. That the decedent might have become a baker and earned $90 per week is supported by unusual circumstances; his mother, prior to her marriage, had worked in the bakery; that at the time decedent started work and at the time of his death two of his uncles were bakers working in the same bakery, the decedent had propensities for this particular trade. We have recently

decided cases involving similar situations as to infants' employment and their wage expectancy. (*Matter of Donnelly* v. *Buffalo Evening News*, 5 A D 2d 639; *Matter of Stauble* v. *Freeman Pub. Co.*, 6 A D 2d 946.) Decision and award of the Workmen's ·Compensation Board affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Gibson, Herlihy and Reynolds, JJ., concur.