■ In the Matter of the Claim of MARGARET M. SMITH, Respondent, v. ST. MARY'S HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — TAYLOR, J. An employer and its insurance carrier appeal from a decision of the Workmen's Compensation Board contending that the award calculated on the average weekly wage of a graduate nurse in the amount of $98 was erroneous as a matter of law. On October 25, 1962 claimant was a student nurse in the final year of a training course maintained by appellant hospital. On that date she sustained an industrial accident which disabled her until December 24, 1962. Claimant received no pay for her services other than board, lodging and medical attention. There was evidence that as a senior in the hospital's student nursing program she performed the duties of a graduate nurse. The Referee awarded compensation benefits at the minimum rate of $20 per week for claimant's period of temporary total disability. Upon a review of his decision by the carrier a majority of the board increased the weekly compensation rate to $55 upon a finding "that the prevailing rate of pay of a graduate nurse is applicable to the claimant during the period when she was a student nurse for the purposes of establishing the weekly wage in this case" and modified the award accordingly. It is not disputed that claimant had worked in the employment in which she was working at the time of the accident for the same employer during the whole of the year immediately preceeding her injury. In these circumstances her wage-earning capacity must be measured by the reasonable monetary value of the board, lodging or similar advantage received from the employer in consideration for the services performed. (Workmen's Compensation Law, § 14, subd. 1; Matter of Sorenson v. Queensboro Corp., 249 App. Div. 359; Matter of Nelson v. St. Francis Hosp., 249 App. Div. 910; Matter of Birch v. Budd, 256 App. Div. 53, mot. for rearg. and lv. to app. den. 256 App. Div. 1020; Matter of Bernstein v. Beth Israel Hosp., 236 N. Y. 268.) Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.