■ In the Matter of the Claim of STEPHEN KOUTSAKOS, Respondent, v. ROBERT LARSON, Doing Business as VILLAGE ROOFER, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board wherein a finding was made that all awards for claimant's disability were subject to a wage expectancy. Claimant, Stephen Koutsakos, at the age of 18 was employed as a helper in the roofing business. On February 26, 1959 after having worked approximately two days, he fell from a roof approximately two and one-half stories and suffered fractures of the right leg, both heels and several vertebrae. Claimant was temporarily totally disabled and completely out of work for over a year. He continued to be partially disabled thereafter and he was eventually adjudged to be permanently partially disabled. Claimant introduced testimony by a union official that he could have joined the union and eventually, after working a year and a half, have become a journeyman roofer, or at least a mechanic whose hourly rate at that time was $2.75 per hour or $110 a week. Upon review the board found that if claimant were to remain in the roofing industry he could become a union mechanic and upon reaching his majority would be earning a salary of $110 per week. All awards were based upon this wage expectancy of $110 per week on the basis of subdivision 5 of section 14 of the Workmen's Compensation Law which provides: "If it be established that the injured employee was a minor when injured, and that under normal conditions his wages would be expected to increase, that fact may

be considered in arriving at his average weekly wages." Appellants contend that the wage expectancy rate is without substantial evidence to sustain it and, in any event, the awards for temporary total and partial disability are not subject to such expectancy. We believe that there is substantial evidence to sustain the board's determination of the $110 weekly wage expectancy as of claimant's majority. It was testified that a person working in a nonunion shop could become a member and could expect to attain the various categories in the trade with the passage of time, even up to journeyman. It has long been settled that subdivision 5 (*supra*) permits the board to consider and establish an expected weekly wage rate for an injured minor to compensate for the fact that the injury will be present in adulthood while the low wage would not (*Matter of Donnelly* v. *Buffalo Evening News*, 5 A D 2d 639; *Matter of Stauble* v. *Freeman Pub. Co.*, 6 A D 2d 946; *Matter of Doyle* v. *Ciccarelli*, 3 A D 2d 871). However, we are constrained to agree with the appellants that upon the record before us it was error for the board to base the awards for periods of temporary disability upon the weekly wage at the anticipated productivity of claimant's adult life. Although additional evidence might show an expected increase in earnings during the periods of temporary disability there is no support in the instant record for such a conclusion. Instead, the board found the weekly wage of $110 per week to be expected at the age of 21 upon claimant becoming a union mechanic and therefore they should not have allowed his compensation for periods of temporary disability during the time prior to his attaining his majority to be measured against this anticipated higher compensation rate. As was stated in *Matter of Zypitz* v. *St. Francis Hosp.* (231 App. Div. 768): "Claimant's expectation of increased wages as a graduate nurse after attaining the age of twenty-one related to a time beyond the period of claimant's temporary total disability for which the Board has erroneously made an award at the maximum rate * * * based upon such expected wage increase. A distinction is made between a case of temporary disability where there is no probable increase of a minor's wages under normal conditions during the period of such temporary disability on the one hand, and a permanent partial disability for which a schedule award is made which presupposes a loss of earning ability which will continue through life." *Matter of Nosowich* v. *Central Islip State Hosp.* (274 App. Div. 1080) cited by the respondent is distinguishable in that it was shown that there claimant's wages would be increased during the period of temporary disability. We have no such evidence here, although proof of that nature may perhaps be developed upon request, and the specific finding of the board is that claimant would have the higher wage upon attaining his majority. Decision as to award for permanent partial disability upon claimant reaching majority affirmed; awards as to temporary disabilities reversed and remitted for further proceedings not inconsistent herewith, without costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.