■ In the Matter of the Claim of WILLIAM J. HURLEY, Respondent, v. E. R. WOLCOTT, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board granting claimant an award for 100% loss of vision in his right eye. Claimant sustained a work-connected injury to his right eye which required surgery, as a result of which all of the experts agree claimant suffered a 100% loss of vision. There is also unanimity by said experts, however, that, except for a partial loss of binocular vision which loss is clearly not compensable (*Matter of Gainey* v. *Warren Nash Motor Corp.*, 231 App. Div. 768) by the use of a corrective lens claimant's vision was at least substantially restored. (The experts were divided as to the extent of loss if any but were unanimous that such loss was less than the 80% loss required by Workmen's Compensation Law, § 15, subd. 3, par. p, for total loss.) As a general rule, a loss of vision which can be corrected to normal with glasses is not compensable as a scheduled award (*Matter of McNamara* v. *McHarg, Barton Co.*, 200 App. Div. 188). Where the correction possible is less than 100%, the extent thereof, without undue discomfort, is determinative of the amount of the award (*Matter of Walton* v. *Leach Steel Corp.*, 15 A D 2d 975). The board, apparently recognizing these rules, held that claimant was, nevertheless, entitled to a 100% award because of the discomfort he experienced in wearing contact lenses on the job. We cannot accept the applicability of this position in the instant case. It is true that claimant testified that because of the dust created in his work on road construction, his eye would become irritated and he would have to remove the contact lens; that as an estimate he wore the lens only about 50% of the time on the job; and that he could not as an alternative use his glasses on the job because he would "fall all over everything." However, there is absolutely no indication that claimant because he was unable to wear the corrective lenses provided was prevented from performing his job or suffering any diminution in earnings as a result thereof. In fact, the record reveals that on the day prior to the hearing before the Referee claimant worked 11 hours, 7 without aid of corrective lenses. As this court in *Matter of McNamara* v. *McHarg, Barton Co.* (*supra*) noted, the wearing of glasses always brings some inconvenience. Mere inconvenience, however, without an effect on earning capacity is not enough to support an award whereas here there is no question that off the job his sight has been substantially restored, without undue discomfort. Accordingly, the case must be returned to the board to determine the extent of partial loss sustained, if any. Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur in memorandum decision by Reynolds, J.; Aulisi, J., dissents and votes to affirm.