◼ In the Matter of the Claim of ALBERT E. PULASKI, Appellant, v SHATSKY METAL STAMPING CO. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed August 6, 1975, which disallowed a claim for compensation under the Workmen's Compensation Law. The claimant appeals from a unanimous decision of the Workmen's Compensation Board which found that claimant had industrial blindness in the left eye prior to an accident which occurred on February 15, 1972 and that claimant sustained no additional scheduled loss of vision as a result of the said accident. As a result of the accident in question, claimant sustained a detached retina which was surgically repaired. The operating physician indicated that the loss of vision in that eye was not due to the accident. An opthalmologist who

examined claimant both prior to the accident and subsequent thereto, found that claimant's left eye was 20/400 uncorrectable, with the loss of vision due to a corneal scar sustained at least 20 years prior to the accident. Another opthalmologist found the loss of vision pre-existed the accident. Claimant's opthalmologist found that if the claimant had better than 20/200 vision at the time of the accident, most of the loss thereof was due to the accident and to the retinal detachment. Other doctors testified that the claimant had a 100% loss of vision prior to the accident and that the detached retina and diplopia conditions were causally related to the accident. One doctor found causal relation between the diplopia condition and the accident. The board, by decision dated November 27, 1973, referred the claimant to an impartial opthalmologist, who found that the claimant had a 100% loss of vision before the accident, that the detachment and repair of the retina caused a decrease in peripheral vision but not a serious disability in this case. After reconsideration, the board found, by decision dated August 6, 1975, that the claimant had a prior industrial blindness in the left eye and that he sustained no additional scheduled loss of vision in the left eye as a result of the accident of February 15, 1972. This record provides substantial evidence to support the board's finding of fact that the claimant had industrial blindness in his left eye prior to the accident. The record also indicates that the board considered claimant's claim of loss of binocular vision. The decision directing an examination by an impartial specialist referred to the binocular vision and diplopia aspects of the claimant's contentions. The great weight of evidence in this case is that claimant's vision in his left eye was not diminished by the accident. There is no proof in this record of a substantially complete loss of binocular vision by the claimant herein and there is only minimal proof of a partial loss of binocular vision, which loss is not compensable (*Matter of Hurley v E. R. Wolcott, Inc.,* 27 AD2d 788; *Matter of Gainey v Warren Nash Motor Corp.,* 231 App Div 768). The record herein provides a substantial basis to support the determination of the board and, therefore, it must be affirmed (*Matter of McFee v Sweet Home School System,* 57 AD2d 980). Decision affirmed, without costs. Sweeney, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ.