■ In the Matter of the Claim of HELEN B. CULLEN, Respondent, v F.W. WOOLWORTH COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed December 10, 1980. Claimant, a college student enrolled in a nursing program, injured her back and sustained burns as the result of a fall on January 24, 1974 during her "on and off" employment as a baker. In May, 1976, while leaving her physician's office, she fell again, fracturing her wrist. The board determined this injury to be consequential to the original accident. Accident, notice, injury and liability for compensation were conceded by appellants. An Administrative Law Judge determined that claimant was 50% permanently partially disabled, and pursuant to subdivision 5 of section 14 of the Workers' Compensation Law, awarded her a maximum wage expectancy rate of $80 weekly. The board modified the award to make the $80 weekly rate effective June 4, 1979, to continue at said rate and closed the case. On this appeal, appellants are limited by their brief to the question of whether there is substantial evidence to support the board decision that claimant is entitled to the maximum wage expectancy rate of $80 weekly. Initially, we note that

appellants have not waived review of this issue. The board contends that any challenge to the maximum wage expectancy rate is precluded by appellants' attempt to raise a new issue on appeal, to wit, that the board erred as a matter of law in basing claimant's future wage expectancy on the wrong occupation. We are hard pressed to understand how appellants' challenge creates a new issue inasmuch as the question of substantial evidence necessarily involves the interpretation and application of the "wage expectancy" concept. Further, contrary to the board's contentions, the issue of claimant's earning capacity as a nurse, included in appellants' application for review, has been raised on the present appeal. Accordingly, the issue is properly before us for review (Workers' Compensation Law, § 23; cf. *Matter of Middleton v Coxsackie Correctional Facility*, 38 NY2d 130, 132-133). Appellants contend that the board erred in its consideration of claimant's potential earnings as a nurse, not as a baker, and, further, that there is no evidence in the record of her potential earning capacity. The rule that a finding of wage expectancy must be limited to the same or similar employment is not so inflexible as to deprive a claimant of fair and adequate compensation for an injury simply because she was injured in a temporary and part-time employment (see *Matter of Donnelly v Buffalo Evening News*, 5 AD2d 639). It is obvious that claimant's bakery position was part time and secondary to her nursing career. To limit claimant's wage expectancy rate to her temporary position would belie her true earning capacity and work an unfairness not required by the statute. In our view, the fact that under normal conditions an increase in wages would be expected, warrants the award at a maximum rate of $80 per week (see *Matter of Zypitz v St. Francis Hosp.*, 231 App Div 768). Decision affirmed, with one bill of costs to respondents filing briefs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.