■ In the Matter of the Claim of LOUISE M. McNEIL, Respondent, v ELIZABETH GEARY, Doing Business as SHARON ROCK FARM, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed September 8, 1983.

Claimant was employed as a groom at the employer's riding academy in the City of Saratoga Springs, Saratoga County. On August 25, 1979, in the course of her employment, claimant

injured her left knee. Pursuant to a Workers' Compensation Board decision, filed July 23, 1981, claimant was found to have been temporarily totally disabled from work for the period from August 27, 1979 to February 25, 1980, less one day worked, and was awarded benefits of $42.61 per week based on an actual average weekly wage of $63.92. The matter was continued so that a final evaluation could be made by a Board medical examiner. On July 21, 1982, the Board's physician issued his report finding that claimant had suffered a 15% permanent partial disability of her left leg. On July 30, 1982, the administrative law judge increased claimant's prior award to a rate of $105 per week which, because she was under 25 at the time she was injured, was based on her wage expectancy, rather than on her actual average weekly wage (Workers' Compensation Law, § 14, subd 5). This award was affirmed by the Board which held that claimant had suffered a permanent partial disability as of the date of the injury. This appeal ensued.

The employer now argues that the Board erred in awarding claimant benefits using the $105 wage expectancy figure dating from the original injury. It notes that while, in general, the increased wage expectancy of claimants under age 25 at the time of injury may be taken into account in calculating their benefits (Workers' Compensation Law, § 14, subd 5), this advantage only applies to persons found to have sustained a permanent partial disability and not a total temporary disability (citing *Matter of Kirchner v Park Edge Supermarkets*, 75 AD2d 916). The employer concludes that since claimant was initially found to have been suffering from a total temporary disability for the period from the time of her accident in August, 1979 through February 25, 1980, she should not subsequently have been awarded benefits based on her wage expectancy for that period, adding that the record does not substantiate the Board's finding that claimant's injury was in the nature of a permanent partial disability *ab initio*.

We disagree. In the decision appealed from, the Board specifically reclassified claimant's injury by determining it to have been a permanent partial disability dating from the time she was first injured in August, 1979. The classification of injuries is a factual determination within the sole province of the Board which, if based on substantial evidence, will not be disturbed (see *Matter of Cecere v County of Niagara*, 71 AD2d 759). It should also be noted that the Board has continuing jurisdictional power to modify former findings and awards as it deems just (Workers' Compensation Law, § 123; *Matter of Clifford v Larkin Rest.*, 31 AD2d 866, 867; *Matter of Parella v Harrod Steel*

*Erection Co.,* 19 AD2d 451, 453, mot for lv to app den 13 NY2d 600). Here, the Board was acting within its statutorily prescribed power when it reclassified claimant's injury for the period in question. Its determination was based on substantial evidence supplied by the Board's examining physician. Accordingly, having determined that claimant had incurred a permanent partial disability, the Board was free to calculate her award based on her wage expectancy from the date of her injury (see *Matter of Kirchner v Park Edge Supermarkets, supra*).

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.