■ In the Matter of the Claim of JAMES MEALING, Respondent, v A. A. HILLS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Casey, J. Appeal from a decision of the Workers' Compensation Board, filed April 18, 1986, as amended by decision filed September 17, 1986.

The employer and its insurance carrier contend that the Workers' Compensation Board erred in applying the amended version of Workers' Compensation Law § 15 (3) (s), which specifies that permanent partial vision loss is to be measured on the basis of uncorrected vision, to determine claimant's award for a work-related eye injury sustained prior to the effective date of the amendment. We disagree and affirm the Board's decision.

On August 8, 1983, an amendment to Workers' Compensation Law § 15 (3) (s) was signed into law, effective 60 days thereafter (L 1983, ch 962, §§ 1, 2). The amendment added a sentence to the subdivision authorizing compensation for partial loss or partial loss of use, specifying that "[c]ompensation for permanent partial loss or loss of use of an eye shall be awarded on the basis of uncorrected loss of vision resulting from an injury". Prior to the amendment, the statute did not

specify the basis for such an award, but it had been interpreted as authorizing an award for partial loss of vision measured on the basis of corrected vision, so that compensation could not be awarded if the loss of vision was correctable *(see, e.g., Matter of Hurley v E. R. Wolcott, Inc.,* 27 AD2d 788). In the case at bar, claimant sustained a work-related eye injury prior to the effective date of the amendment, and the parties agree that under the standard used at the time of his accident claimant would not be entitled to compensation. The Board, however, applied the standard established by the amendment and awarded claimant benefits, resulting in this appeal.

In *Matter of Cady v County of Broome* (87 AD2d 964, 964-965, *lv denied* 57 NY2d 602) we explained: "Legislation is generally construed as prospective only unless the language of the statute, either expressly or by necessary implication, requires retroactive application * * *. There is an exception to this general rule for remedial statutes, which can be given retrospective application to the extent that it does not impair vested rights * * *. 'Remedial statutes are those "designed to correct imperfections in prior law, by generally giving relief to the aggrieved party" ' * * *. While this exception does not apply to statutes creating new rights and remedies where none previously existed * * * where, * * * the amendment is enacted to rectify an inequity by extending existing benefits to a class of persons arbitrarily denied these benefits by the original legislation * * * the amendment is remedial and should be applied retrospectively [citations omitted]." Also to be considered is the general rule that "the Workers' Compensation Law is to be liberally construed 'to accomplish the economic and humanitarian objects of the act' " *(Matter of Merchant v Pinkerton's Inc.,* 50 NY2d 492, 495, quoting *Matter of Husted v Seneca Steel Serv.,* 41 NY2d 140, 145).

With these general principles in mind, we are of the view that the amendment at issue was intended to rectify an inequity by extending existing benefits to a class of persons arbitrarily denied those benefits by the original legislation. Recognizing that workers who sustain a work-related permanent partial loss of vision have been injured and should be compensated even though normal vision can be restored by the use of corrective lenses, the Legislature enacted the amendment to extend existing compensation benefits for permanent partial vision loss to such workers by requiring the use of the uncorrected vision standard. Application of this amendment to pending cases is consistent with the specific

intent of the amendment and the general purpose of the Workers' Compensation Law. In these circumstances, we agree with the Board that the brief 60-day delay in the effective date included in the amendment was more a matter of convenience for the administrative agency responsible for implementing the statutory change than a clear indication of legislative intent that the amendment was to be applied only to those cases where the injury occurred after the effective date *(cf., Matter of Deutsch v Catherwood,* 31 NY2d 487).

In their final argument, the employer and its carrier rely upon a statement by the Board's Chairman that the amendment applies only to accidents occurring after the effective date. Although the Chairman has certain rule-making powers *(see,* Workers' Compensation Law § 141), the statement relied on herein was not a duly promulgated rule *(see,* State Administrative Procedure Act art 2), and we see no basis for restricting the Board's decision-making powers by requiring it to adopt the Chairman's opinion expressed in a memorandum to carriers and self-insurers. The Board's decision should be affirmed.

Decision affirmed, with one bill of costs to respondents. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.