■ In the Matter of the Claim of DONNA S. LAMIANO, Appellant, v J.R. SOUSA & SONS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J.

Claimant, then 19 years old, was injured in connection with her employment as a gasoline service station manager for J.R. Sousa & Sons, Inc. (hereinafter Sousa) on July 25, 1979 and was awarded workers' compensation benefits for partial disability. Because claimant was under the age of 25 at the time of the injury, testimony was taken on the issue of her wage expectancy (see, Workers' Compensation Law § 14 [5]), which a Workers' Compensation Board panel determined to be $13,000. Claimant appeals.

At the time of her injury, claimant had been a station manager for approximately 1½ years and earned $200 per week. In 1985, the year when claimant attained the age of 25, salaries for Sousa station managers ranged from $13,000 to $16,900 per year and supervisors earned $25,000 per year. Conflicting evidence was presented concerning claimant's promotion prospects, with claimant testifying that she was assured promotion to supervisor and Sousa's representative testifying that there was no likelihood of claimant's advancement. Evidence was also presented that claimant's 1985 earnings in another employment field were $12,500, with the expectation of rapid increases. Finally, claimant testified as to potential earnings in the computer field with further education and training.

Inexplicably, the Board decision makes no reference to claimant's actual or potential employment or income with Sousa, either as a station manager or a supervisor; rather, it merely recites that claimant's actual income for 1985 was $12,500 and fixes her wage expectancy at $13,000 without further explanation. Clearly, the Board decision, stating no facts as the basis of its conclusion, is patently inadequate and precludes intelligent appellate review (see, Matter of Burns v Miller Constr., 62 AD2d 1114). Accordingly, the matter must be remitted for further findings.

To assist the Board, we shall briefly outline the applicable law. Workers' Compensation Law § 14 (5) states, "If it be established that the injured employee was under the age of twenty-five when injured, and that under normal conditions his wages would be expected to increase, that fact may be considered in arriving at his average weekly wages." The statute was enacted in recognition of the fact that "a minor's[*] wages are generally less than those of an adult in like employment" (Matter of Lerner v Jakwall Embroidery Co., 203 App Div 381, 383) and provided "that the increase toward adult wages * * * which would naturally and normally come to [the injured employee] with years, efficiency and skill, may be considered in fixing the average weekly wage for compensation during the period of the award in the future" (supra, at 383; see, Matter of Koutsakos v Larson, 25 AD2d 590, 591). Significantly, the statute is not intended to compensate for a general increase in wages for like work which occurs after the injury was received, and the Board is limited in its considera-

---

* Prior to 1978, the statute applied to an employee who was "a minor" when injured (L 1978, ch 730, § 1).

tion to the average weekly wage in effect at the time of the injury *(see, Matter of Lerner v Jakwall Embroidery Co., supra,* at 383-384; *see also, Matter of Smith v St. Mary's Hosp.,* 23 AD2d 929; *Matter of Foyt v Daigler,* 236 App Div 420). Of equal significance, except in certain atypical situations, "the expectancy of increased wages must be based upon possible advancement and increased earning capacity in the same employment" *(Matter of Donnelly v Buffalo Evening News,* 5 AD2d 639, 640; *see, Matter of Cullen v Woolworth Co.,* 84 AD2d 600, 601).

Applying these principles to the evidence adduced at the hearing, it is clear that the Board is precluded from considering evidence of wages in effect after 1979 and employments other than those in the gasoline service station field. Further, should the Board credit the testimony of Sousa's representative that claimant would not have been promoted beyond her 1979 position of station manager, wage expectancy should be based upon the 1979 salary for a 25-year-old station manager with approximately seven years of experience in that position. Conversely, if the Board determines that claimant would have been promoted to supervisor, then it should fix wage expectancy at the 1979 salary level for supervisor, taking into account the number of years of experience claimant would have had in that position at the time she attained the age of 25.

Decision reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.