■ In the Matter of the Claim of HARVEY D. VANDEWALKER, Appellant, v SNOWBALL TREE FARM, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed March 21, 1989, which, inter alia, modified claimant's award of workers' compensation benefits.

In November 1982, claimant, then age 24, sustained an injury to his left foot during the course of his employment as a tree bailer. Claimant subsequently underwent surgery which resulted in the amputation of portions of his foot. In March

1984, a medical examiner for the Workers' Compensation Board concluded that claimant's condition was equal to a 70% schedule loss of use of the left foot. This determination was reflected in a May 15, 1986 decision by a Workers' Compensation Law Judge (hereinafter WCLJ), which also established claimant's average weekly wage as $275 based upon a minor's expectancy (Workers' Compensation Law § 14 [5]) and awarded claimant compensation for the period from November 26, 1982 through August 28, 1985 at the rate of $105 per week.

Due to further complications, claimant underwent additional surgery for an amputation revision in June 1986. Thereafter, in a decision filed July 1, 1986, claimant was found by the WCLJ to be temporarily totally disabled and was awarded $183.33 per week for the period from April 17, 1986 to June 18, 1986 and continuing. Claimant was reexamined in August 1987 by the Board medical examiner, who found that his condition was equal to a 100% schedule loss of use. Based upon that evaluation, the WCLJ increased the schedule loss of use to 100% and, in a decision filed June 10, 1988, ultimately awarded claimant compensation at the rate of $105 per week for the entire loss period, except for the period from April 17, 1986 through August 12, 1987, for which a weekly rate of $183.33 was awarded. The employer then appealed and the Board modified by awarding claimant compensation at the "permanent partial disability rate of $105 per week for the entire schedule loss award, including the periods of temporary total disability and protracted healing period". This appeal by claimant ensued.

On this appeal, claimant contends that the conclusion of the Board that the permanent partial disability rate of $105 per week applies during the entire period of the schedule award is erroneous. Claimant urges that because he was temporarily totally disabled following his second surgery from April 17, 1986 until August 12, 1987, the correct rate for that period is $183.33 per week based upon his established average weekly wage of $275. We disagree. Based upon the August 1987 report of the Board's medical examiner establishing that claimant's condition was permanent and equal to a 100% schedule loss of use, the Board classified claimant's injury as having been a permanent partial disability dating from the time of the accident in November 1982. This determination was clearly based upon substantial evidence and, therefore, must be upheld (see, Matter of McNeil v Geary, 105 AD2d 539, 540; Matter of Cecere v County of Niagara, 71 AD2d 759, 760; see also, Matter of Clifford v Larkin Rest., 31 AD2d 866, 867).

Thus, the Board's conclusion that claimant is entitled to the maximum permanent partial disability rate of $105 per week *(see,* Workers' Compensation Law § 15 [6] [a] [1])* for the entire schedule award period should also be sustained *(see, Matter of McNeil v Geary, supra,* at 540-541; *Matter of Reilly v Save-Mor,* 43 AD2d 421, 422, *lv denied* 34 NY2d 517; *see also, Matter of Hilbert v Preferred Plating Co.,* 36 AD2d 77, 79). The fact that claimant underwent a second surgery and a protracted healing period after his average weekly wage of $275 was established and after reaching majority does not compel a different conclusion, since the period at issue was included within the time frame of the scheduled award *(see, Matter of Reilly v Save-Mor, supra; see also, Matter of Guyette v Montgomery Ward & Co.,* 60 AD2d 52, 53-54; *Matter of Stolz v Lasher & Lathrop,* 240 App Div 314, 316-317, *affd* 266 NY 426).

Decision affirmed, without costs. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.