■ In the Matter of the Claim of JAMES DINGER, Appellant, v K-MART CORPORATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [667 NYS2d 860] —Appeal from a decision of the Workers' Compensation Board, filed November 14, 1996, which ruled the claimant sustained a compensable injury and awarded workers' compensation benefits.

On April 11, 1994, claimant, then under age 25, sustained an injury to his left ankle while in the course of his employment, an injury which ultimately required reconstructive surgery. Following his application for workers' compensation

benefits, claimant was found to have sustained a 20% schedule loss of the use of his left foot. The Workers' Compensation Board awarded claimant benefits of $308.43 per week, based upon an actual average weekly wage of $462.65, for a temporary total disability from April 12, 1994 to July 11, 1994 and August 25, 1994 through November 2, 1994, and benefits of $400 per week, based upon an average weekly wage expectancy rate of $600 (*see*, Workers' Compensation Law § 14 [5]), for a permanent partial disability from July 11, 1994 to August 25, 1994 and January 16, 1995 through February 1, 1995.

Claimant contends that because the Board calculated his schedule loss-of-use award in weeks from the date of his injury, it ipso facto reclassified all prior periods of temporary total disability as periods of permanent partial disability, thereby necessitating that the entire schedule loss-of-use award be calculated at the future wage expectancy rate of $400 per week from the date of injury forward. Neither the record nor the applicable statutory provisions supports this argument. It is well settled that "[t]he determination of the medical condition and how it is to be classified is [a question of fact] * * * for the Board" whose decision will not be disturbed if supported by substantial evidence (Minkowitz, Supplementary Practice Commentaries, McKinney's Cons Law of NY, Book 64, Workers' Compensation Law § 15, 1997 Pocket Part, at 3). Unlike *Matter of McNeil v Geary* (105 AD2d 539), upon which claimant relies, the Board here did not reclassify claimant's injury as a permanent partial disability from the date of his injury. To the contrary, in rendering its award, the Board expressly delineated those periods in which claimant was found to be temporarily totally disabled and those in which he was found to be permanently partially disabled. Moreover, we find no provision in the Workers' Compensation Law to mandate the result that claimant seeks. Inasmuch as substantial evidence in the form of expert medical opinion supports that part of the award at the total disability rate (*cf.*, *Matter of Vanderwalker v Snowball Tree Farm*, 170 AD2d 845, 847), and because future wage expectancy is only applicable to an award for a permanent partial disability (*see*, *Matter of Kirchner v Park Edge Supermarkets*, 75 AD2d 916), we find no basis upon which to disturb the Board's decision.

Cardona, P. J., Mikoll, Crew III, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.