■ In the Matter of the Claim of JAMES P. WILLIAMS, Appellant, v KEY SERVICE CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [684 NYS2d 19] —Carpinello, J. Appeals (1) from an amended decision of the Workers' Compensation Board, filed June 6, 1996, which ruled, *inter alia,* that claimant was not entitled to an award based upon wage expectancy during a period of temporary disability, and (2) from a decision of said Board, filed May 15, 1998, which denied claimant's application to reopen and reconsider its prior amended decision.

On October 20, 1987, claimant, then 18 years old, sustained a back injury during the course of his employment as a carpet and furniture cleaner. The Workers' Compensation Board awarded claimant benefits based upon his actual average weekly wage for varying degrees of temporary disability from October 21, 1987 to November 14, 1994. In the interim, claimant worked as a security officer for a different employer from 1990 through January 1992 at a higher weekly wage than that earned at his previous employment. When claimant was classified as having a permanent partial disability as of November 15, 1994, the Board recalculated his prior award at a future wage expectancy rate based upon his possible increased earning capacity as a carpet and furniture cleaner. Claimant thereafter requested that his case be reopened, contending that Workers' Compensation Law § 14 (5) required that his award

for the period of temporary disability between January 1992 and November 15, 1994 be calculated at a future wage expectancy rate based upon his employment as a security officer. The Board denied the application and claimant now appeals.

We affirm. Contrary to claimant's contention, Workers' Compensation Law § 14 (5) permits the Board to consider future wage expectancy only when calculating an award for a permanent partial disability and not a temporary disability (*see, Matter of Dinger v K-Mart Corp.*, 246 AD2d 946, 947; *Matter of McNeil v Geary*, 105 AD2d 539), and even then the Board is restricted in its consideration to the average weekly wage earned at the time of the injury (*see, Matter of Lamiano v Sousa & Sons*, 158 AD2d 818, 819). Moreover, Workers' Compensation Law § 14 (5) is not designed to compensate for the general increase in wages which claimant experienced as a result of his postinjury employment (*see, Matter of Romero v Albany Med. Ctr. Hosp.*, 184 AD2d 971; *Matter of Lamiano v Sousa & Sons*, *supra*). Under these circumstances, we find no basis to disturb the Board's decision calculating the award for the period from January 1992 through November 14, 1994 based upon claimant's actual weekly wage at the time of his injury.

Finally, we reject claimant's contention that the Board improperly classified him as having a marked partial disability, rather than a total disability, for the period from August 5, 1992 through November 3, 1993. The expert medical proof indicating that claimant suffered from a marked partial disability during this time period provides substantial evidence for the Board's classification of claimant's medical condition (*see, Matter of Dinger v K-Mart Corp.*, *supra*). Consequently, the Board's amended decision and decision are affirmed.

Cardona, P. J., Mercure, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the amended decision and decision are affirmed, without costs.