■ In the Matter of the Claim of NATALE E. BRUZZESE, Appellant, v GUARDSMAN ELEVATOR COMPANY, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [755 NYS2d 520] —Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed February 20, 2001, which ruled that claimant was not entitled to an award based upon wage expectancy during a period of temporary disability.

In 1994, claimant sustained various injuries to his head, neck and back following a fall at his place of employment. Accident, notice and causal relationship subsequently were established, and a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that claimant was permanently partially disabled as a result of his injuries. Because claimant was under the age of 25 at the time of the accident, the WCLJ made a wage expectancy adjustment to claimant's weekly wage in accordance with the provisions of Workers' Compensation Law § 14 (5), awarded workers' compensation benefits and closed the case. After claimant underwent back surgery in 1998, his

compensation case was reopened and a hearing ensued, at the conclusion of which claimant was found to be temporarily totally disabled due to the surgery. A WCLJ awarded benefits for the period of temporary total disability based upon claimant's average weekly wage at the time of his injuries without reference to the wage expectancy adjustment, and a panel of the Workers' Compensation Board affirmed the WCLJ's decision. Claimant now appeals, essentially contending that because his permanent partial disability benefits, which were determined using the wage expectancy adjustment, preceded his period of temporary total disability, he is entitled to have the compensation award for his subsequent period of total temporary disability calculated using his previously adjusted average weekly wage. We disagree.

The case law makes clear that "Workers' Compensation Law § 14 (5) permits the Board to consider future wage expectancy only when calculating an award for a permanent partial disability and not a temporary disability" (*Matter of Williams v Key Serv. Corp.*, 257 AD2d 778, 779 [1999]). Thus, contrary to claimant's contention, it is of no moment that the finding of permanent partial disability preceded his period of temporary total disability. The wage expectancy adjustment set forth in Workers' Compensation Law § 14 (5) simply does not apply to periods of temporary disability. Claimant's remaining arguments on this point have been examined and found to be lacking in merit. Accordingly, the Board's decision is affirmed.

Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.