[773 NYS2d 742]

In the Matter of PATRICK JOHNSON, Appellant, v LEXINGTON CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, March 18, 2004

### APPEARANCES OF COUNSEL

*Silverman, Silverman & Seligman P.C.*, Schenectady (*Lisa M. Tumminelli* of counsel), for appellant.

*Vecchione, Vecchione & Connors L.L.P.*, Williston Park (*Myles Magbitang* of counsel), for Lexington Center and another, respondents.

**OPINION OF THE COURT**

KANE, J.

In 1991, claimant injured his back in the course of his employment. He was 20 years old. After he filed a claim for workers' compensation benefits, a Workers' Compensation Law Judge (hereinafter WCLJ) established accident, notice and causal relationship, then set the initial average weekly wage at $256.85 subject to a wage expectancy adjustment, pursuant to Workers' Compensation Law § 14 (5). Subsequently, the WCLJ classified claimant as having a permanent partial disability and, using the future wage expectancy adjustment, increased his average weekly wage to $350. In 2001, when the case was reopened due to back surgery after which claimant was found to be totally disabled on a temporary basis, claimant's compensation was increased to a total disability rate using the future wage expectancy average weekly wage of $350. Upon review, the Workers' Compensation Board modified the WCLJ's decision to reflect the Board's finding that future wage expectancy should not have been used to calculate claimant's award during the period of temporary total disability. Claimant appeals.

Claimant is entitled to the future wage expectancy adjustment under Workers' Compensation Law § 14 (5) during the entire period of his disability. That statute provides that when a worker under the age of 25 is injured, the Board may take into account the reasonable expectation that the worker's average weekly wage would have increased in the future had the injury not occurred. The statute itself creates no guidelines for a different application in cases of temporary versus permanent disability. Case law has created such a distinction, but that distinction has become an overgeneralization resulting in misapplication of the statute (*see e.g. Matter of Bruzzese v Guardsman El. Co.*, 303 AD2d 786, 787 [2003] [indicating that "case law makes clear" that the statute's wage expectancy adjustment is inapplicable to periods of temporary disability]). One of our earliest cases on the future wage expectancy issue properly applied the statute with a concise explanation. In that case, this Court noted:

> "Claimant's expectation of increased wages as a
> graduate nurse after attaining the age of twenty-

one[*] related to a time beyond the period of claimant's temporary total disability for which the Board has erroneously made an award . . . , based upon such expected wage increase. A distinction is made between a case of temporary disability where there is no probable increase of a minor's wages under normal conditions during the period of such temporary disability on the one hand, and a permanent partial disability for which a schedule award is made which presupposes a loss of earning ability which will continue through life" (*Matter of Zypitz v St. Francis Hosp.*, 231 App Div 768, 768 [1930]).

A typical workers' compensation case involves an injured worker who suffers a temporary total disability immediately following the accident, then improves to the point of having a permanent partial disability. The worker is then "classified" with a permanent partial disability. Common sense indicates that a worker under age 25 at the time of the accident will be the same age immediately following the accident; thus, he or she is presumed to be capable of earning the same amount at that time. It is only logical to limit that worker's benefits to the average weekly wage he or she was earning at the time, with no future expectancy increase for periods of temporary disability before the worker reached the age when his or her wages would be expected to increase (*see Matter of Koutsakos v Larson*, 25 AD2d 590, 591 [1966]; *Matter of Zypitz v St. Francis Hosp.*, *supra*). In that typical scenario, future wage expectancy should not be considered when figuring wages for an initial period of temporary disability.

The present case does not fit within that usual pattern. Claimant was classified as permanently partially disabled after his 1991 injury at age 20. The Board used a future wage expectancy adjustment to determine his average weekly wage. In 2001, at age 31, after receiving the higher wage rate for over 10 years, claimant underwent surgery which rendered him temporarily totally disabled. The wage expectancy presumption is applicable here. It is presumable that claimant would have been earning a higher wage by the time he was 31 and established in his

---

* Workers' Compensation Law § 14 (5) formerly applied if an employee was a minor—under 21 years old at the time that *Matter of Zypitz v St. Francis Hosp.* (231 App Div 768 [1930]) was decided—but was later amended to apply to workers under the age of 25 (*see* L 1978, ch 730).

employment than he was earning at age 20 when the accident occurred. In fact, the Board recognized this likelihood when it exercised its discretion and granted him an expectancy adjustment for his permanent partial disability. The Board's determination has the anomalous effect of holding that claimant was entitled to a higher wage expectancy up until the day of his surgery, then to the lower 1991 20-year-old worker's wages during his recuperation, and then to the higher wage again as soon as he recovered from surgery, when his temporary total disability ceased and he returned to his permanent partial disability classification.

Pursuant to the plain statutory language, because claimant was under 25 when injured and "under normal conditions his wages would be expected to increase, that fact may be considered in arriving at his average weekly wages" (Workers' Compensation Law § 14 [5]). Under the statute, that fact may be considered regardless of whether the average weekly wages apply to a period of permanent or temporary disability, as long as the worker would be expected to receive the higher wages during the period to which the wage rate will apply. Having determined that claimant was entitled to a future wage expectancy rate, the Board abused its discretion by denying claimant that rate during his subsequent period of temporary total disability, and such a determination was inconsistent with the statute. To the extent that *Matter of Bruzzese v Guardsman El. Co.* (303 AD2d 786 [2003], *supra*) is read as being inconsistent with this interpretation, that case should not be followed. The Board's decision should be reversed and the matter remitted to the Board for an application of Workers' Compensation Law § 14 (5) based on a plain reading of the statute.

CARDONA, P.J., PETERS and CARPINELLO, JJ., concur.

Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.