■ In the Matter of the Claim of ALEXANDER MATHIS, Respondent, v CLEAN BRITE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [777 NYS2d 783]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed June 4, 2001, which ruled that claimant was entitled to awards subsequent to October 18, 1989 based upon the wage expectancy adjustment.

On June 15, 1988, claimant, then 22 years old, was involved in an automobile accident while working for a cleaning company. As a result of injuries sustained in the accident to his neck, right elbow, left wrist, left knee and lower back, he filed a claim for workers' compensation benefits. A Workers' Compensation Law Judge (hereinafter WCLJ) established the case for accident, notice and causal relationship for these injuries. Claimant was thereafter awarded benefits at a total disability rate for various time periods from September 1, 1988 through October 18, 1989. He was awarded benefits at a partial disability rate for various time periods after October 18, 1989. The case was closed in October 1990.

Thereafter, the case was reopened and restored to the trial calendar to consider, among other things, issues of apportionment with a prior workers' compensation claim arising from a June 1987 accident, as well the applicability of the wage expectancy adjustment to claimant's awards. At a February 7, 2000 hearing, the parties stipulated, based upon a July 17, 1994 medical report, that claimant should be classified as having a permanent partial disability. The WCLJ rendered a decision and amended decision finding, among other things, that claimant was entitled to an average weekly wage of $225, which was increased to reflect the wage expectancy adjustment, to be apportioned 50% to each claim, and classifying him as permanently partially disabled as of July 7, 1994. In a subsequent decision, the WCLJ further found that the awards should be modified to cover all periods dating back to September 1, 1988.

The employer's workers' compensation carrier sought review

of the WCLJ's decision on the ground that the wage expectancy adjustment should not have been applied to awards subsequent to September 1, 1988 because claimant was not classified as permanently partially disabled until July 7, 1994. The Workers' Compensation Board modified the WCLJ's decision by finding, among other things, that the wage expectancy adjustment should only be applied from October 18, 1989 forward. The employer and the carrier (hereinafter collectively referred to as the employer) now appeal.

Typically, the wage expectancy adjustment provided in Workers' Compensation Law § 14 (5) has been applied in calculating awards for permanent partial disability, not temporary disability (*see e.g. Matter of Bruzzese v Guardsman El. Co.*, 303 AD2d 786, 787 [2003]; *Matter of Fox v Crosbie-Brownlie, Inc.*, 284 AD2d 42, 43 [2001]; *Matter of Williams v Key Serv. Corp.*, 257 AD2d 778, 779 [1999]; *but cf. Matter of Johnson v Lexington Ctr.*, 7 AD3d 7, 8 [2004]). Under the usual scenario, an injured worker who is under the age of 25 at the time of the accident suffers a temporary total disability and gradually improves and is eventually classified as having a permanent partial disability. However, because the worker is presumed capable of having the same earning capacity immediately after the accident as before, ordinarily he or she is not entitled to a wage expectancy adjustment for the period of temporary disability before he or she reaches the age when his or her wages would be expected to increase (*see Matter of Johnson v Lexington Ctr., supra* at 10-11; *see e.g. Matter of Koutsakos v Larson*, 25 AD2d 590, 591 [1966]; *Matter of Zypitz v St. Francis Hosp.*, 231 App Div 768 [1930]).

In modifying the WCLJ's decision, the Board found that application of the wage expectancy adjustment prior to October 18, 1989 was inappropriate because claimant had periods of temporary total disability during this time. Nevertheless, the Board concluded that application of the wage expectancy adjustment after such date was proper because claimant had "a partial disability" subsequent to this time. However, as of October 18, 1989, claimant had not yet reached the age when his earning capacity would be expected to increase. Furthermore, permanency was not established until July 7, 1994, and there is nothing in the Board's decision to indicate that it, in fact, reclassified claimant as permanently partially disabled before this time (*cf. Matter of McNeil v Geary*, 105 AD2d 539 [1984]; *Matter of Reilly v Save-Mor*, 43 AD2d 421 [1974], *lv denied* 34 NY2d 517 [1974]). Consequently, we find, under the particular circumstances presented here, that the Board erred in applying the wage expectancy adjustment to claimant's awards prior to July 7, 1994.

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.