In the Matter of the Claim of NICOLE MAW, Appellant, v WAL-MART et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [914 NYS2d 442]—

Peters, J.P. Appeal from a decision of the Workers' Compensation Board, filed May 8, 2009, which established claimant's wage expectancy adjustment at $450 per week.

In December 1999, claimant, then 18 years old, injured her back in the course of her employment as a sales associate. Claimant had aspired to pursue a career in professional dancing and/or choreography but, due to her injuries, was unable to continue dancing. Her claim for workers' compensation benefits was established and her average weekly wage was set at $226.38 based upon her earnings with the employer. By decision filed February 12, 2007, a Workers' Compensation Law Judge classified claimant as having a permanent partial disability and continued the case for consideration of the issue of future wage expectancy pursuant to Workers' Compensation Law § 14 (5). Following a hearing, the Workers' Compensation Law Judge amended claimant's average weekly wage to $800, retroactive to the February 12, 2007 date of permanency, to reflect her future wage expectancy as a dancer/choreographer. Upon review, the Workers' Compensation Board found that claimant was not pursuing a career as a professional dancer at the time of her injury and, therefore, was not entitled to a wage expectancy rate of $800 per week. Instead, the Board modified claimant's wage expectancy rate to $450 to reflect her potential earnings as a dance instructor and applied this rate to awards made from February 12, 2007 forward. Claimant appeals and we affirm.

Workers' Compensation Law § 14 (5) provides that "[i]f it be established that the injured employee was under the age of twenty-five when injured, and that under normal conditions his [or her] wages would be expected to increase, that fact may be considered in arriving at his [or her] average weekly wages." Generally, absent "certain atypical situations," a finding of future wage expectancy should be limited to the same or similar employment that the claimant was in at the time of the injury (*Matter of Lamiano v Sousa & Sons*, 158 AD2d 818, 820 [1990]; *see Matter of Romero v Albany Med. Ctr. Hosp.*, 184 AD2d 971, 971 [1992]; *Matter of Cullen v Woolworth Co.*, 84 AD2d 600, 601 [1981]). As the employer conceded below, claimant's future wage expectancy is appropriately based upon her intention to pursue a career in the field of dancing, as opposed to her part-time, temporary employment with the employer. Claimant, who was a senior in high school at the time of her injury, explained that her job with the employer was temporary in nature and secondary to her intention to become a professional dancer and chore-

ographer. To that end, claimant testified that she had been dancing since she was five years old and began attending "master classes" with professional dancers and competing in dancing competitions throughout the country at the age of 12. She also stated that, at age 13, she became an apprentice and student teacher at a dance studio and continued to do so until the time of her injury. According to claimant, her sales associate position with the employer was only a part-time, temporary position which she intended to keep for one or two years while she attended college locally. Thus, on this record, the Board appropriately declined to base claimant's wage expectancy on her temporary position with the employer (*see Matter of Donnelly v Buffalo Evening News, Inc.*, 5 AD2d 639, 641 [1958]; *see also Matter of Kochan v Ziolek*, 7 AD2d 695, 695-696 [1958]).

While claimant asserts that the Board should have considered her potential earnings as a professional dancer and/or choreographer instead of as a dance teacher, the record supports the Board's conclusion that claimant had not substantially progressed towards attaining that goal at the time of her injury. She had neither applied nor auditioned for employment as a dancer or choreographer and had never spoken to an agent and/or talent scout in pursuit of such a career. Nor had claimant enrolled in any higher education program to further her aspirations to become a dancer or choreographer (*compare Matter of Romero v Albany Med. Ctr. Hosp.*, 184 AD2d at 971; *Matter of Cullen v Woolworth Co.*, 84 AD2d at 600-601). While claimant had been accepted at both a community college and state college, she decided to attend the community college, which did not have any dance curriculum. Claimant acknowledged that her intention to establish a career in professional dancing and choreography was a long-term plan and, under these circumstances, substantial evidence supports the conclusion that such a career was both speculative and insufficiently pursued by claimant at the time of her injury. Accordingly, we find no basis to disturb the Board's wage expectancy rate determination.

Nor did the Board err in declining to apply the wage expectancy adjustment to awards prior to February 12, 2007, the date that claimant was classified as permanently partially disabled. As a general rule, the future wage expectancy adjustment provided in Workers' Compensation Law § 14 (5) may be applied only in calculating an award for a permanent partial disability, not a temporary disability (*see Matter of Mathis v Clean Brite*, 8 AD3d 694, 695 [2004]; *Matter of Johnson v Lexington Ctr.*, 7 AD3d 7, 8 [2004]). Although departure from this general rule is warranted under certain unusual circumstances (*see e.g.*

*Matter of Johnson v Lexington Ctr.*, 7 AD3d at 9-10), no such circumstances are presented here.

Spain, Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.