Matter of O'Donnell v Erie County (2018 NY Slip Op 04410)





Matter of O'Donnell v Erie County


2018 NY Slip Op 04410


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

524981

[*1]In the Matter of the Claim of SANDRA L. O'DONNELL, Claimant,
v
ERIE COUNTY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: April 24, 2018

Before: Lynch, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Hamberger & Weiss, Buffalo (Matthew M. Hoffman of counsel), for appellants.
Barbara D. Underwood, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeals (1) from a decision of a panel of the Workers' Compensation Board, filed August 18, 2016, which ruled, among other things, that claimant involuntarily withdrew from the labor market, and (2) from an amended decision of said Board panel, filed July 19, 2017, which ruled, among other things, that claimant was not required to demonstrate an ongoing attachment to the labor market.
Claimant, a probation officer, worked for the municipal employer for approximately 28½ years. On December 14, 2010, she slipped and fell on a wet floor at work, injuring her back, knees and elbows. She was absent from work as a result and returned in January 2011 to light duty. She subsequently filed a claim for workers' compensation benefits and a Workers' Compensation Law Judge (hereinafter WCLJ) established her case for injuries to her back, bilateral knees and bilateral elbows. After claimant returned to work, she continued to experience problems related to her injuries causing her to be periodically absent. In addition, her job had changed and she was now required to work with adults instead of juveniles, which entailed increased physical demands and required considerably more walking. Consequently, in March 2013, claimant retired from her position and began receiving disability retirement and Social Security benefits.
Thereafter, claimant's workers' compensation case was continued to ascertain the permanency of her injuries. In September 2015, the WCLJ, among other things, classified claimant as having a permanent partial disability with an 81% loss of wage-earning capacity and found that she had a compensable retirement excusing her from continuing to look for work. A panel of the Workers' Compensation Board modified the WCLJ's decision by reducing claimant's loss of wage-earning capacity to 65%. Consistent with the WCLJ's decision, it found that claimant's retirement constituted an involuntary withdrawal from the labor market. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) filed an application for discretionary full Board review of this decision on the basis that the Board panel failed to address the issue of claimant's postretirement attachment to the labor market pursuant to the Court of Appeals' decision in Matter of Zamora v New York Neurologic Assoc. (19 NY3d 186 [2012]). The Board panel denied the application for full Board review, but issued an amended decision finding, among other things, that claimant was not required to demonstrate an ongoing attachment to the labor market following her retirement given the recent amendment to Workers' Compensation Law § 15 (3) (w). The employer appeals from both decisions.
The employer contends that the Board panel erred in awarding claimant postretirement wage replacement benefits based on a reduction in earnings without determining whether the inference recognized in Zamora applied so as to relieve her of the need to demonstrate an attachment to the labor market following her retirement. Assuming without deciding that the Board panel so erred, it issued an amended decision finding that claimant was not required to demonstrate an attachment to the labor market based upon a recent amendment to Workers' Compensation Law § 15 (3) (w) (see L 2017, ch 59, part NNN, subpart A, § 1). That amendment states, in relevant part, that in cases such as claimant's, "compensation . . . shall be payable during the continuance of such permanent partial disability, without the necessity for the claimant who is entitled to benefits at the time of classification to demonstrate ongoing attachment to the labor market" (Workers' Compensation Law § 15 [3] [w]). It further provides that it is to "take effect immediately" upon its passage, which was on April 10, 2017 (L 2017, ch 59, part NNN, subpart A, § 4).
Contrary to the employer's claim, we find that the amendment is applicable here and relieves claimant from the need to demonstrate a continued attachment to the labor market. Although it is generally preferable to construe a statute in a prospective manner, a retroactive application is warranted if the statutory language expressly or by necessary implication so provides (see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584 [1998]; Matter of Thomas v Bethlehem Steel Corp., 63 NY2d 150, 154 [1984]; see also McKinney's Cons Laws of NY, Book 1, Statutes, § 52 at 101-102). Moreover, a retroactive application is appropriate if the statute is, like the Workers' Compensation Law, remedial in nature (see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 584; Matter of Becker v Huss Co., 43 NY2d 527, 540 [1978]; Matter of Mealing v Hills, 132 AD2d 759, 760 [1987], lv denied 70 NY2d 612 [1987]; see also McKinney's Cons Laws of NY, Book 1, Statutes, § 54 at 108-109). Notably, even though a statute is to take effect immediately, this is not dispositive of the issue of retroactivity (see Matter of Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 583; Matter of Becker v Huss Co., 43 NY2d at 541).
Although the amendment does not specifically state that it applies to claimants classified as permanently partially disabled prior to its effective date, the legislative history supports this interpretation. The Governor's Bill Jacket for the legislation contains a letter from the Board's counsel summarizing the various amendments to the Workers' Compensation Law [*2]that were included. With regard to the amendment at issue here, the letter states that it "amends [Workers' Compensation Law] § 15 (3) (w) to relieve claimants from having to demonstrate ongoing attachment to the labor market when they are entitled to benefits at the time they are classified permanently partially disabled" (Letter, David F. Wertheim, Workers' Compensation Board General Counsel, Bill Jacket L 2017, ch 59 at 29). Concerning the issue of retroactivity, this letter notes that "[t]his amendment . . . affects previously decided cases in which there has not been a finding that the claimant had voluntarily removed him[self] or herself from the labor market at the time of the classification." In view of this, the amendment was clearly intended to apply to claimants who have involuntarily withdrawn from the labor market and are entitled to receive wage replacement benefits having been classified with a permanent partial disability.
In addition to the legislative history, a retroactive application may be inferred from other language in the amendment. After addressing labor market attachment, subsequent portions of Workers' Compensation Law § 15 (3) (w), dealing with certain credits to be provided to employers and carriers, state that they are applicable to claimants "with a date of accident or disablement after the effective date of" the amendment (Workers' Compensation Law § 15 [3] [w]). Inasmuch as this language was not included in that part of the amendment addressing labor market attachment, it may be assumed that a prospective application was not intended. In view of the foregoing, we conclude that the Board panel properly found that the recent amendment to Workers' Compensation Law § 15 (3) (w) obviates the need for claimant to demonstrate a continued attachment to the labor market in order to receive wage replacement benefits subsequent to her retirement.
Lynch, J.P., Devine, Mulvey and Aarons, JJ., concur.
ORDERED that the decision and amended decision are affirmed, without costs.